ANDERLE et al., Appellees,

v.

IDEAL MOBILE HOME PARK, INC., Appellant.

[Cite as *Anderle v. Ideal Mobile Home Park, Inc.* (1995), 101 Ohio App.3d 122.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66832.

Decided Feb. 6, 1995.

*Legal Aid Society, Sheila Tew* and *Peter M. Iskin,* for appellees.

*Baker & Hostetter, Norman S. Jeavons* and *Robert C. Petrulis,* for appellant.

DYKE, Judge.

The residents of the Ideal Mobile Home Park (the "Park") filed a complaint on November 12, 1992 against the Park, alleging violations of certain statutory proscriptions against the assessment of fees. Specifically the residents complained of the monthly $4 fee added to their water bills to cover the cost of reading the meters and billing for individual water usage, and also of the $300 fee assessed when a resident sold his or her mobile home and the home remained in the Park. An amended complaint was filed on May 17, 1993, naming individually each of the residents, as opposed to the residents as an association. The appellees filed a motion for summary judgment in July, which was granted in August. A later hearing on the issues of attorney fees and costs was held. The final journal entry was filed January 25, 1994, awarding $40 to each of the forty households who had paid the $4 monthly water system fee. The court also awarded $300 to two of the parties who had paid the transfer of ownership fee and $150 to a third party whose fee had been partially returned by the Park. Finally, the court granted the appellees' motion for attorney fees in the amount of $7,500.

Appellant filed a timely notice of appeal from the court's grant of appellees' motion for summary judgment and the award of attorney fees. Appellant asserts four assignments of error for our review.

## I

"The trial court erred in denying the Park's motion to dismiss the complaint in that the trial court lacks subject matter jurisdiction over actions brought under Ohio Revised Code Section 3733.10."

■ Appellant argues that the Housing Division of the Cleveland Municipal Court lacked subject matter jurisdiction to hear appellees' claim. We disagree.

R.C. 1901.181 grants exclusive subject matter jurisdiction to the housing division of municipal courts to hear:

"[A]ny civil action to enforce any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, buildings, structures, or any other real property subject to any such code, ordinance, or regulation."

This jurisdiction is subject to the $10,000 award limitation pursuant to R.C. 1901.17, which applies to municipal courts. Appellees brought their claims against appellant under Title 37 of the Revised Code, entitled "Health—Safety—Morals," Chapter 3733, regulating in pertinent part "Manufactured Home Parks."

The housing division of the municipal court has exclusive jurisdiction to hear all civil actions, within the monetary limitation, which seek to enforce the housing and safety regulations promulgated under R.C. Chapter 3733.

Appellant's first assignment of error is overruled.

## II

"The trial court erred in granting plaintiffs' motion for summary judgment that the $4 monthly administrative fee charged to residents in connection with the Park's new water and sewerage metering system is unlawful."

■ Appellant argues that the lower court misinterpreted the law when it found that R.C. 3733.10(A)(4) applied to prohibit appellant from assessing the monthly $4 fee for water meter reading and billing services. Appellant is correct in stating in its brief that the interpretation of the word "maintenance," as used in R.C. 3733.10(A)(4), is at the heart of the issue presented for our review. We find that the trial judge's interpretation cannot be affirmed under the Civ.R. 56(C) standard of review.

"Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 65–66, 609 N.E.2d 144, 145.

In the present case, no issues of fact remain to be litigated. However, in viewing the evidence most strongly in favor of appellant, it does not appear that reasonable minds could come to but one conclusion, nor that appellees are entitled to judgment as a matter of law.

R.C. 3733.10 reads as follows:

"(A) A park operator who is a party to a rental agreement shall:

" * * *

"(4) Maintain in good and safe working order and condition all electrical and plumbing fixtures and appliances, and septic systems, sanitary and storm sewers, refuse receptacles, and well and water systems that are supplied or required to be supplied by him[.]"

It is undisputed that appellant installed the water system and subsequently hired a company to read the meters and provide billing services to the park

residents. The company charged a $4 monthly fee to cover the cost of its services.

In reading R.C. 3733.10(A)(4) it is not clear who is to be responsible for paying the costs of running a water system. It does not clearly prohibit a park operator from passing on the costs of billing and meter reading to the residents. Furthermore, read in context, it is not clear that meter reading and billing fall under the park operator's responsibility in maintaining the system. This statutory section provides that a park operator is responsible for maintaining the system in "good and safe working order." This language, relating to the word "maintain," implies that the operator's responsibility is to keep the structural part of the system functioning safely. In fact, the regulation appears to be aimed at regulating the safety of mobile home parks and providing a properly liable party in the event of accident or injury. Protecting the monetary interests of residents is not an apparent goal of this particular provision.

A provision not relied upon by the trial court, yet cited as applicable by appellees in their complaint, is R.C. 3733.11(G). This section does appear to have the monetary interests of park residents as an end. R.C. 3733.11(G) provides as follows:

"No park operator shall require an owner to use the services of the park operator or any other specific person for installation of the manufactured home on residential premises or for the performance of any service."

Although this section may apply to the meter reading and billing services, it is not clear. Arguably, the kind of services referred to by this section would be services which are rendered individually to park residents, not *en masse* to everyone on a regular basis. Subsection (G) most likely applies to those types of services which it would be in the interest of residents to find offered at the most competitive quality and cost, *i.e.*, air conditioning repair, window washing or housekeeping services. Meter reading and billing seem to be the type of services most efficiently provided for the residents by the park operator. To protect residents from unreasonable fees or unexpected or undisclosed increases in fees, other subsections of R.C. 3733.11 exist.

We cannot definitively find that reasonable minds could come to but one conclusion in favor of appellees as to the applicability of R.C. 3733.10(A)(4) or 3733.11(G) to the assessment of the $4 fee. Appellees are not entitled to judgment as a matter of law where reasonable minds could differ as to the interpretation of these statutory provisions. We hold that the summary judgment motion was granted in error. We remand to the housing division of the municipal court for further proceedings on this issue. Appellant's second assignment of error is sustained.

## III

"The trial court erred in granting plaintiff's motion for summary judgment that the change of resident fee is unlawful."

■ Appellant asserts that the trial court erred in granting appellees' motion for summary judgment on the issue of whether the $300 transfer fee violated R.C. 3733.11(H)(5). We find that summary judgment was properly granted on this issue.

R.C. 3733.11(H)(5) reads as follows:

"(H) No park operator shall:

" * * *

"(5) Charge any owner any fee, charge, or assessment because of the transfer of ownership of any manufactured home or because a manufactured home is moved out of or into the manufactured home park, except a charge for the actual costs and expenses incurred by the park operator in moving the manufactured home out of or into the manufactured home park, or in installing the manufactured home in the manufactured home park and that have not been reimbursed by another tenant or owner."

Appellant attempted to prove that the $300 fee assessed when a resident chose to sell his or her home to another, who planned to remain in the park, was a charge to cover its actual costs. The actual costs allowed by the above-quoted provision were costs incurred in the moving or installing of a manufactured home. The $300 fee assessed by appellant applied only to situations where the home was in the park and was being sold to another party, who would remain in the park.

No genuine issue of material fact exists on the issue presented by the assessment of the $300 transfer fee. Viewing the evidence most favorably toward appellant, reasonable minds could come to but one conclusion. Appellant's policy to charge a $300 transfer fee to those selling their homes to others wishing to remain in the park was in violation of R.C. 3733.11(H)(5). Appellees are entitled to judgment as a matter of law on this issue.

Appellant's third assignment of error is overruled.

## IV

"Assuming plaintiffs are entitled to summary judgment on the change of resident fee issue (which they are not), the trial court erred in awarding attorney fees in the amount of $7,500 in that an award of attorney fees that is 1000% of the amount of plaintiff's recovery is unreasonable and unlawful."

■ Appellant argues that the attorney fees awarded to appellees were unreasonably excessive and unlawful. Appellant premises this argument on the assertion that the attorney fees were awarded by the court only on the transfer fee issue. We disagree with that premise, but find it necessary to remand for a revised determination of attorney fees after the resolution of the claim based upon the $4 monthly water system fee.

■ We find that the $7,500 fee was awarded for appellees' counsel's work on both claims presented. While it is true that the journal entry filed August 23, 1993 awards attorney fees only to the three plaintiffs claiming a violation of the transfer fee provision, subsequent motions and hearings provided the court with an opportunity to revise that ruling. On September 3, 1993 appellees filed a motion requesting attorney fees for work done by their counsel on both claims presented. A court has discretion to allow a plaintiff to file a motion for attorney fees after the entry of judgment. See *Yarber v. Cooper* (1988), 61 Ohio App.3d 609, 573 N.E.2d 713. A hearing was held on the issues of damages, attorney fees and costs on September 30, 1993. In the court's final journal entry damages were awarded to appellees on both issues and an award of $7,500 was granted to cover attorney fees. No specific plaintiffs or claims were enumerated in the latter award. Both R.C. 3733.10 and 3733.11 provide for attorney fees. Therefore, it is our finding that the attorney fees were assessed against appellant on both claims, not just the transfer fee violation.

We decline to review whether the amount was unreasonably excessive or unlawful when it is necessary to remand this action for further proceedings. Appellant's fourth assignment of error is overruled.

The municipal court's granting of appellees' motion for summary judgment is affirmed as to the claim involving the $300 transfer fee. The court's granting of appellees' motion for summary judgment on the $4 monthly water system fee is reversed and the award of attorney fees is vacated. This cause of action is remanded for further proceedings on the monthly $4 fee issue and for a new determination of the attorney fees to be awarded after that issue is resolved.

*Judgment accordingly.*

NUGENT, P.J., and PRYATEL, J., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.