OPINION
Euclid Beach Limited appeals from a judgment of the Housing Division of Cleveland Municipal Court which overruled objections to the magistrate's decision and thereby upheld the jury verdict awarding restitution of the premises to Euclid Beach, but awarding Brockett $30,000.00 in compensatory and $7,500.00 in punitive damages. The court also awarded Brockett $8,800.00 in attorney fees. Euclid Beach asserts the court abused its discretion by entering this judgment contending the jury verdict is against the manifest weight of the evidence. After considering the facts of this case and the applicable law, we affirm the judgment of the trial court.
The record before us reveals that Euclid Beach Limited owns and operates a mobile home trailer park and leases space to tenants. Brockett and her husband leased a lot for their trailer from Euclid Beach for $185.00 per month and resided there from 1984 until her husband's death in 1990.
Sometime in 1990, Brockett moved from the trailer park but left her trailer on the lot and continued to pay rent on a monthly basis until July, 1992. The parties dispute the circumstances under which Brockett ceased residing at the trailer park.
Euclid Beach contends that in 1991 Brockett discontinued electrical service to her mobile home resulting in a frozen water meter and the need for an emergency water turn-off to prevent further damage to the home, to water lines and to other mobile homes. It claims that Brockett knew of the water damage and broken water meter but that she refused to repair her mobile home. Finally, it maintains it notified Brockett that upon repair of her water meter and restoration of electricity, it would restore her property.
Brockett, on the other hand argues that after her husband died, the park manager told her she could not sell her mobile home, refused to accept her rent checks, and informed her that she would not be provided water. She further asserts that before leaving her mobile home, she winterized it to keep the pipes from freezing and tried on two occasions to sell it but could not do so, allegedly due to actions of the park manager.
Sometime in July, 1992, Brockett ceased paying rent and almost four years later, on January 5, 1996, Euclid Beach served her with a three-day notice for non-payment of rent and subsequently filed a complaint in forcible entry and detainer in the Cleveland Municipal Court, seeking restitution of the premises and back rent. Brockett counterclaimed asserting damage caused to her mobile home by Euclid Beach's retaliatory termination of water to her unit, failure to provide her with a written lease agreement, and interference with her right to sell her mobile home. After a two day jury trial conducted by a magistrate, the jury returned a verdict restoring the premises to Euclid Beach but awarding Brockett $30,000.00 in compensatory and $7,500.00 in punitive damages.
Euclid Beach thereafter filed objections to the magistrate's decision, and motions for a new trial and judgment notwithstanding the verdict, which the court overruled in a judgment entry dated August 25, 1997. Also in that entry, signed by both the magistrate and the trial judge, the court awarded Brockett $8,800.00 in attorney fees.
Euclid Beach now appeals and raises one assignment of error for our review. It states:
 Verdicts of the jury and judgment of the court are contrary to law and against the manifest weight of the evidence presented at trial. Therefore, the trial [court] committed reversible error and abused its discretion when it denied appellant's motion for judgment NOV, or alternatively, for a new trial.
In its brief, Euclid Beach sets forth nine issues encompassed in this assignment of error. They are:
 A. Based upon the evidence presented at trial the court should have overturned the jury verdict and entered a verdict on behalf of plaintiff Euclid Beach for not only restitution of the premises, but for Ten Thousand, Nine Hundred Thirty-Three Dollars and Ninety-Six Cents ($10,933.96)
 B. Jury verdict and judgment of the court finding plaintiff liable for failure to provide written lease pursuant to O.R.C. 3733.11 were in error and contrary to the evidence presented.
 C. The jury's verdict for the appellee on the counterclaims should be reversed for failure of proof as to actual rather than speculative damages.
 D. The jury's verdict for the appellee on the counterclaims should be reversed for failure of proof as to proximate cause.
 E. The jury's verdict for the appellee on the counterclaims should be reversed for failure of appellee to demonstrate mitigation of her alleged damages.
 F. Jury verdict and judgment of the court finding plaintiff liable for terminating water service to appellee's manufactured home for the purpose of recovering possession of the lot are contrary to the evidence presented.
 G. Jury verdict and judgment of the court finding appellant liable for denying appellee the right to sell her manufactured home is not supported by the evidence.
 H. Jury verdict and judgment of the court granting appellee attorney fees and punitive damages is contrary to law, contrary to the evidence presented, and is clearly excessive.
 I. The trial court abused its discretion and committed reversible error in allowing irrelevant and inflammatory evidence to be heard by and submitted to the jury, and by denying appellant's motion for judgment NOV, or alternatively, for a new trial.
Essentially, Euclid Beach argues that the court should have not only entered a verdict in its favor awarding restitution of the premises, but also, judgment for $10,933.96 for back rent owed by Brockett. Additionally, it alleges that the testimony presented at trial demonstrated that Brockett did not dispute the amount of monthly rent and in fact, stipulated to the following: she paid $185.00 per month; that she had not paid rent since July 1992; that her mobile home remained on the lot at the time of trial; that she had been familiar with a $20.00 late fee assessed for late rent; and that she did at some point receive a copy of the rules and regulations. Further, the district manager testified that a rental agreement existed between Euclid Beach and Brockett; that a three-day notice to leave had been served upon Brockett for non-payment of rent; that she had not paid rent since July 1992 and that Brockett owed $10,923.66, representing rent and late fees. Based on this evidence, Euclid Beach claims a new trial, or alternatively, a judgment notwithstanding the verdict should have been granted by the trial court because the jury verdict is inconsistent in that the court awarded restitution of the premises but failed to award any damages.
Brockett responds by asserting that she did not believe she owed rent because Euclid Beach retaliated by terminating water service to her mobile home and that, viewing the evidence most favorably in her light, the jury correctly denied Euclid Beach's request for damages. Therefore, she alleges the trial court did not err when it denied Euclid Beach's motion for new trial, or, judgment notwithstanding the verdict.
The issue then presented for our review is whether the trial court abused its discretion when it denied Euclid Beach's request for a new trial, or, judgment notwithstanding the verdict based upon a claim by Euclid Beach that the jury verdict is against the manifest weight of the evidence.
Regarding a motion for new trial, absent clear evidence that the trial court acted unreasonably, unconscionably, or arbitrarily and rendered a decision which is clearly wrong and without legal basis, the trial court's decision must be affirmed. See Castlebrook, Ltd. v. Dayton Properties (1992), 78 Ohio App.3d 340.
Regarding a motion for judgment notwithstanding the verdict Civ.R. 50 (B) states in part:
 * * * not later than fourteen days after entry of judgment, a party may move to have the verdict and any judgment entered thereon set aside * * *. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment. If the judgment is reopened, the court shall either order a new trial or direct the entry of judgment, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence. (emphasis added).
Further, in Cardinal v. Family Foot Care Center (1987),40 Ohio App.3d 181, the court set forth the test to be applied in ruling on a motion for judgment notwithstanding the verdict:
 The trial judge must construe the evidence most strongly in favor of the non-movant and if upon all the evidence there is substantial evidence upon which reasonable minds may reach different conclusions, the motion must be denied.
Thus, Civ.R. 50, by its express terms, precludes the relief sought in this instance; further, after construing the evidence most strongly in favor of Brockett, we have determined there is substantial evidence upon which reasonable minds may reach different conclusions. Thus, we have concluded the trial court did not abuse its discretion in denying these motions.
In its brief, Euclid Beach collaterally attacks the ruling entered at the jury trial conducted by the magistrate in this case making the following claims: that because Brockett did not own the mobile home, it had no obligation to provide her with a written lease; and that the court erred in allowing Brockett to testify as to the value of her mobile home. These positions are not well taken, however, as the record before us contains a written stipulation of her ownership of the mobile home and an owner can testify as to the value of her property. See Tokles Son v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621.
Further, that Brockett failed to show that lack of water proximately caused damage to her mobile home; that Brockett failed to mitigate her damages and that her failure to maintain electricity to the premises caused the water meter to break, which necessitated termination of water service to her mobile home. We have reviewed the record and have concluded that the evidence is contested on the issue of proximate cause which has been decided against Euclid Beach without error.
Euclid Beach next alleges that it did not deny Brockett the right to sell her home and points to two real estate contracts for the sale of the home she produced at trial. Additionally, on the listing document, Brockett failed to mark a box that would indicate that Euclid Beach placed a restriction on the sale of the home.
We begin our analysis with an examination of the language of the restrictions set forth in the Rules and Regulations of Euclid Beach Limited. Paragraph seven states in pertinent part:
 If there is only one owner of the home and that person expires, the remaining spouse shall have the option of continuing residence in the park. However, if the home is sold, the park owner shall not be denied the right of having the home removed from the park. If the park owner allows the home to remain in the park then the park owner shall be paid the full amount of the monthly lot rental fee plus payment for all services rendered * * *
Further, paragraph eight states:
 Owner has the right, subject to no. 1 and no. 7 of this section to sell his manufactured home within the park if the owner gives the Park Manager ten (10) days notice of his intention to sell his manufactured home. Subject to Ohio Revised Code 3733.11 (H).
Based upon the evidence presented at trial, the jury determined that Euclid Beach effectively prevented Brockett from selling her home by refusing to accept prospective buyers, as evidenced by the two real estate contracts that never resulted in the sale of the home. Therefore, we conclude that the verdict finding Euclid Beach liable for denying Brockett the right to sell her home is not against the manifest weight of the evidence.
Euclid Beach additionally asserts that the award of attorney fees is excessive for a forcible entry and detainer action.
R.C. 3733.09 (B) states in part:
 If a park operator acts in violation of division (A) of this section, the resident may:
* * *
 In addition, the resident may recover from the park operator any actual damages together with reasonable attorneys fees.
In Anderle v. Ideal Mobile Home Park, Inc. (1996),114 Ohio App.3d 385, we have previously stated:
 R.C. 3733.09 (B) is virtually identical to R.C. 5321.02, which applies to residential tenants generally and provides a direct analogy. The entitlement to and amount of attorney fees under R.C. 5321.02 lie within the discretion of the trial judge. See Drake v. Menczer (1980), 67 Ohio App.2d 122.
In this case, the jury awarded Brockett $30,000.00 in compensatory, $7,500.00 in punitive damages and the court approved $8,800.00 in attorney fees. In light of the fact that Euclid Beach forced Brockett to move out of the mobile home due to the lack of water, the court did not find the award of attorney fees excessive. Therefore, according to Anderle, since the acceptance of an award of attorney fees is within the discretion of the trial judge, and we find no abuse of that discretion, we conclude that the verdict awarding attorney fees is proper.
Finally, Euclid Beach contests the admission of Brockett's testimony about the park manager at the funeral of her deceased husband.
In her deposition, Brockett testified that on the day of her husband's funeral, she had guests at her mobile home and had paid for two additional parking spaces, but that the park manager came to her home and told everyone to move the cars across the street. Additionally, Brockett stated that after her husband died, the manager refused to accept her rental payments.
In this case, the court, by way of judgment entry of July 21, 1998, stated:
 The court notes that the testimony regarding the conduct of the park manager at defendant's husband's funeral was admitted in error. This error, however, was harmless. There exists no evidence that this testimony impacted upon the proceedings or reasonableness of the jury's verdict.
Based on Brockett's claims of retaliation, we conclude that admitting the testimony above constituted harmless error, as there is no evidence suggesting the testimony impacted upon the proceedings or reasonableness of the jury's verdict.
Based on our review of the arguments of counsel, the briefs, the facts contained in the record and the applicable case law, we have determined that the court did not abuse its discretion when it overruled the motions for new trial or judgment notwithstanding the verdict because the jury verdict here is supported by some competent, credible evidence. See C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279.
Accordingly, we affirm the judgment of the court.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and MICHAEL J. CORRIGAN, J.,CONCUR.
 __________________________________ PRESIDING JUDGE TERRENCE O'DONNELL