JACKSON, Appellee,

v.

BROWN, Appellant.

[Cite as *Jackson v. Brown* (1992), 83 Ohio App.3d 230.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63096.

Decided Nov. 23, 1992.

*Mitchell Jackson, pro se.*

*The Housing Advocates, Inc., Andrew R. Kass* and *Edward G. Kramer,* for appellant.

*Per Curiam.*

Plaintiff-appellee Mitchell Jackson filed suit in the Cleveland Municipal Court, Housing Division, against defendant-appellant Janice Brown. Jackson sought to recover past-due rent. Brown counterclaimed for compensation for violation of R.C. 5321.15, which states:

"(A) No landlord of residential premises shall initiate any act, including termination of utilities or services, exclusion from the premises, or threat of any unlawful act, against a tenant, or a tenant whose right to possession has terminated, for the purpose of recovering possession of residential premises, other than as provided in Chapters 1923., 5303., and 5321. of the Revised Code.

"(B) No landlord of residential premises shall seize the furnishings or possessions of a tenant, or of a tenant whose right to possession has terminated, for the purpose of recovering rent payments, other than in accordance with an order issued by a court of competent jurisdiction.

"(C) A landlord who violates this section is liable in a civil action for all damages caused to a tenant, or to a tenant whose right to possession has terminated, together with reasonable attorneys fees."

The court awarded Jackson the sum of $325, and awarded Brown $325 plus costs and interest. Brown was also awarded attorney fees.

Brown was represented by an attorney from Housing Advocates, Inc., an organization which assists clients with landlord-tenant difficulties. Brown's counsel was assisted by legal interns certified by the Ohio Supreme Court pursuant to Gov.Bar R. II.[1]

As requested by the court, appellant's counsel submitted an itemized fee statement. The statement requested fees at the rate of $200 per hour for the services of counsel, and at the rate of $35 per hour for the services of the legal interns. The referee recommended $800 for the services of counsel, but determined that R.C. 5321.15 did not provide for fees of legal interns. Objections were filed, and the court stated:

"Defendant does not cite to any cases decided under Ohio law in which an award of attorney fees has included compensation for the work of legal interns, and the court is aware of no such case. While the court appreciates the value of the work performed by legal interns, the court is not persuaded that the interns' efforts are compensable under Ohio law."

It is from this denial of fees that appellant appeals and sets forth three assignments of error:

I

"The trial court erred as a matter of law when it rule[d] that O.R.C. § 5321.-15(C) does not provide for attorney fees for the work performed by a certified legal intern."

---

1. We also note that Gov.Bar R. II has been revised effective January 1, 1992, and Section 6 provides:

"Section 6. Compensation. A legal intern shall not ask for or receive any compensation or remuneration of any kind from a financially needy client on whose behalf services are rendered. However, the law school clinic, legal aid bureau, public defender's office, or other legal services organization may be awarded attorney fees for services rendered by the legal intern consistent with the Code of Professional Responsibility and as provided by law. A law school clinic, legal aid bureau, public defender's office, or other legal services organization, the state, or any municipal corporation may pay compensation to the legal intern."

## II

"The trial court erred as a matter of law when it construed O.R.C. § 5321.15(C) to exclude the work performed by certified legal interns."

## III

"The trial court's denial of attorney's fees under O.R.C. § 5321.15(C) for the work performed by certified legal interns is against Ohio public policy."

In our judicial system, legal interns provide an important source of legal representations for the indigent. *Argersinger v. Hamlin* (1972), 407 U.S. 25, 40–41, 92 S.Ct. 2006, 2014, 32 L.Ed.2d 530, 540 (Brennan, J., concurring). The Ohio Supreme Court as well has recognized the importance of legal interns and has enacted a rule which permits interns to enter into actual representation under the supervision of an attorney admitted to practice in the state of Ohio. Gov.Bar R. II.

As the trial court noted, appellant does not cite any case law which specifically includes the services of a legal intern as part of an award of attorney fees. However, the efforts of paralegals and law clerks have been included; see *Mieskoski v. Mieskoski* (Apr. 28, 1987), Cuyahoga App. No. 52230, unreported, 1987 WL 11670; *Maze v. Maze* (July 22, 1985), Cuyahoga App. No. 49068, unreported, 1985 WL 8757.

Given the recognition of legal interns by both the United States Supreme Court and the Ohio Supreme Court, Housing Advocates, Inc.'s status as a legal services organization and/or legal clinic fully within the purview of Gov.Bar R. II, this court's compensation for the services of paralegals and law clerks, and a dearth of case law prohibiting their inclusion in an award for attorney fees, we find that an award for the efforts of a legal intern on behalf of a client is properly compensable as part of an award of attorney fees.

Appellant's assignments of error are well taken.

*Judgment reversed*
*and cause remanded.*

DYKE, P.J., JAMES D. SWEENEY and HARPER, JJ., concur.

HARPER, Judge, concurring.

I concur with the majority that in some cases an intern's services are compensable when the court determines that the services of the intern are substantial. However, this should not be interpreted as authorizing an award of attorney fees for all work performed by an intern; and we are mindful of the fact that the award of attorney fees is a matter committed to the sound discretion of

the trial court, *Thomas v. Papadelis* (1984), 16 Ohio App.3d 359, 16 OBR 413, 476 N.E.2d 726, and the reviewing court will not reverse the decision of the trial court without clear evidence of an abuse of discretion. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

The provision to pay attorney fees to a legal organization that represents an individual is based on the premise that the organization acted as the party's attorney in fact, and the fees are paid directly to the organization. See *Lewis v. Romans* (1980), 70 Ohio App.2d 7, 24 O.O.3d 9, 433 N.E.2d 622. Since the work of legal service organizations is performed in many cases by interns, it follows that the services of the interns are compensable within the provisions of R.C. 5321.15(C), and are payable directly to the organization. See *Romans, supra.*

The courts no doubt recognize the importance of legal organizations to our community and the services they provide for the poor. To this end, the Ohio Supreme Court, in Gov.Bar R. II(6), authorized the payment of attorney fees to legal service organizations for services rendered by interns "as provided by law." This authorization is to be uniquely applied to these organizations and not to be extended to law firms or individual practitioners who employ interns.

In the instant case, the record shows that the attorney for Housing Advocates, Inc. submitted a fee statement, I would assume on behalf of Housing Advocates, Inc., which included the services performed by the interns. The trial court, therefore, is required to evaluate the fee statement submitted by the attorney in conjunction with the services of the interns as one fee awardable to Housing Advocates, Inc., and award to Housing Advocates, Inc. what it considers reasonable attorney fees.

This case is remanded for a proper evaluation of the services rendered by the interns, bearing in mind that interns' services and those of the attorney constitute one fee, payable to Housing Advocates, Inc. Accordingly, I concur.