OPINION AND JOURNAL ENTRY
{¶ 1} On December 10, 2004, Attorney John B. Juhasz filed a notice of appearance in this appeal, noting that he had recently been designated by the Mahoning County Court of Common Pleas, Probate Division, as counsel of record for the eight Appellees in this consolidated appeal. Attorney Juhasz also filed a Motion for Reconsideration of our December 1, 2004, Opinion. On December 20, 2004, Appellant filed a combined motion to strike the appearance of Attorney Juhasz as counsel, and to strike the motion for reconsideration. Appellant also filed a brief in opposition to the motion for reconsideration.
 {¶ 2} In a related matter, a writ of prohibition was recently filed in this Court challenging the authority of the probate court to promulgate an order appointing Attorney Juhasz as counsel in a variety of estate cases dealing with issues similar to the issues under review in the instant appeal. On January 6, 2005, we granted an alternative writ in the case of State ex rel. Florence F. Marsteller v. Hon. Timothy P. Maloney,
7th Dist. No. 04-MA-279. We granted the respondent ten days "to cease and desist the appointment of legal counsel for Relator, or show cause why a Permanent Writ should not issue." State ex rel. Marsteller remains pending with this Court, and no permanent writ has been issued. Therefore, we will proceed in responding to Appellees' motion for reconsideration, while leaving to the Marsteller case the issue of whether or not the probate court had the authority to appoint Attorney Juhasz as counsel.
 {¶ 3} Our standard of review of a motion for reconsideration is very limited:
 {¶ 4} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not onsidered at all or was not fully considered by the court when it should have been." Columbus v.Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." State v. Owens
(1997), 112 Ohio App.3d 334, 336, 678 N.E.2d 956.
 {¶ 5} Appellees argue that we could not have reversed the probate court's determination of attorney's fee in the eight estate cases consolidated for review in this appeal because Appellant failed to provide a transcript of the underlying proceedings. Appellees contend that no transcript was available because Appellant failed to schedule a court reporter to record the hearings. Appellees contend that we had no basis for relying on Appellant's presentation of the facts without the hearing transcripts or a reasonable alternative. Appellees assert that Appellant could have provided an alternative to a transcript, such as a statement in lieu of transcript as provided in App.R. 9(C).
 {¶ 6} Appellees note that their argument was not previously raised in this appeal, and that, in fact, they failed to file an appellee's brief. Appellees acknowledge that App.R. 18(C) provides this Court with some alternatives when an Appellee fails to file a brief on appeal:
 {¶ 7} "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 {¶ 8} It has been stated many times that a motion for reconsideration pursuant to App.R. 26(A) is not an opportunity to raise new arguments that a party simply neglected to make earlier in the proceedings, but is an opportunity to correct obvious errors in the appellate court's opinion in order to prevent a miscarriage of justice. See, e.g., State v. Hess, 7th Dist. No. 02 JE 36, 2004-Ohio-1197, ¶ 7; State v. Stanley, 7th Dist. No. 99-C.A.-55, 2002-Ohio-4372, ¶ 13. If Appellees failed to file at all during the direct appeal to rebut Appellant's arguments, it is Appellees' error and not this Court's error.
 {¶ 9} Appellees themselves recognize that we did consider our scope of review of the record in light of Appellees' failure to file a brief. We specifically noted that App.R. 18(C) allowed us to accept Appellant's statement of the facts as correct. (12/1/04 Opinion, p. 1.)
 {¶ 10} Furthermore, it should be clear that we disagree with Appellees' contention that the record was insufficient for us to rationally support a reversal of the trial court. The record contains lengthy journal entries issued by the probate court which explain in great detail why the court imposed penalties against Appellant's attorney's fees. It has often been stated that a court of record speaks only through its journal entries. State ex rel. Marshall v. Glavas,98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 5. As the probate court spoke very clearly through its journal entries, we had no difficultly in reviewing the issues on appeal without transcripts of the individual hearings dealing with the attorney's fees. We should also point out that Appellant's presentation of the facts was reasonable in light of the probate court's journal entries. Without any timely opposing arguments at all from Appellees, we were certainly within our scope of review in accepting Appellant's presentation of the facts as correct pursuant to App.R. 18(C).
 {¶ 11} Appellees have failed to point out any obvious error in our Opinion, or any issue that we failed to consider or did not fully consider. Therefore, we overrule Appellees' motion for reconsideration.
Waite, J., concurs.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.