OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Attorney Marc Dann, appeals a decision of the Mahoning County Common Pleas Court, Probate Division that awarded him attorney fees in an amount less than he requested. Attorney Dann raises three issues on appeal.
 {¶ 2} Attorney Dann claims that the probate court erred by not including fees generated by his paralegal in his fee award. Ohio's appellate districts have consistently held that fees generated by a paralegal can be attorney fees and are not overhead if they are clearly and directly traceable to the work performed by the paralegal for a particular client. Accordingly, the probate court erred by refusing to award fees generated by a paralegal in an attorney fee award.
 {¶ 3} Attorney Dann contends the probate court erred by not holding a hearing before awarding attorney fees. Sup.R. 71(C) requires that a trial court hold such a hearing unless a local rule provides otherwise. None of the Mahoning County Probate Court's local rules give it the authority to award attorney fees in an adoption case without first holding a hearing and the probate court did not hold that hearing.
 {¶ 4} Finally, Attorney Dann also argues that the probate court erred by reducing his hourly rate from $175.00 per hour to $100.00 per hour. Since the probate court did not hold a hearing, its decision regarding the reasonableness of the hourly rate is not supported by the record and it erred when it reduced the requested rate.
 {¶ 5} For these reasons, the probate court's decision is reversed and this cause is remanded for further proceedings.
 Facts {¶ 6} Marta Stephanova Kokhonova was born in Belarus on March 12, 1987, to alcoholic parents from whom she was taken when she was very young. She first visited the United States and lived in the home of Dennis and Jeanne Bruner during the summer of 1995, when they hosted her as part of the Kids from Chernobyl program. In June 2001, Marta began residing permanently with the Bruners, who were granted legal custody of Marta in March 2002.
 {¶ 7} Subsequently, the Bruners sought to adopt Marta and hired Attorney Byron D. Van Iden to represent them in that adoption. Attorney Van Iden ran into difficulties due to the international nature of the adoption during the course of the adoption. The Bruners became disillusioned with his representation, terminated him, and hired Attorney Dann. They agreed that Attorney Dann's time would be billed at $175.00 per hour, that his paralegal's time would be billed at $90.00 per hour, and that his associate's time would be billed at $110.00 per hour. Attorney Dann overcame the difficulties involved in obtaining the consent of Marta's birthparents to the adoption and the probate court entered a final decree of adoption on January 31, 2005.
 {¶ 8} In July 2004, Attorney Dann moved for extraordinary fees in the amount of $3,623.50 and expenses of $977.20 for this adoption and submitted an itemized bill listing the work he, his paralegal, and his associate performed in this case. When the probate court granted the adoption on January 31st, it had not yet ruled on Attorney Dann's motion and held the matter for a later date. On March 22, 2005, it entered judgment on Attorney Dann's motion. In doing so, it disallowed all fees generated by Attorney Dann's paralegal, reasoning that these amounts should be considered part of Attorney Dann's overhead, not a fee chargeable to a client. It also concluded that $100.00 per hour was a reasonable hourly rate. Thus, the probate court awarded Attorney Dann $935.00 in fees and $977.20 in expenses.
 Probate Court's Authority to Review Attorneys' Fees in an Adoption Case {¶ 9} Attorney Dann raises three assignments of error on appeal, all of which challenge the manner in which the probate court determined the reasonableness of his attorneys' fees. However, before we address the merits of those assignments of error, we wish to explain the source and scope of the probate court's authority to review attorney fees in adoption cases.
 {¶ 10} A probate court is a court of limited jurisdiction and can only exercise just such powers as are conferred on it by statute and constitution. Schucker v. Metcalf (1986),22 Ohio St.3d 33, 34, citing Saxton v. Seiberling (1891),48 Ohio St. 554, 558-559. So any discussion of whether a probate court has acted properly must first begin with a review of the scope of the probate court's jurisdiction.
 {¶ 11} In Ohio, the probate court has exclusive jurisdiction over adoption proceedings. R.C. 3107.04; R.C. 3107.01(D);Reynolds v. Ross County Children's Services Agency (1983),5 Ohio St.3d 27, 30. The legislature has given probate courts "control over the placement of children for adoption which is not conducted under the auspices of a statutorily recognized and authorized agency * * * [so] children could [not] be sold to the highest bidder and shuffled around like objects on an auction block." Lemley v. Kaiser (1983), 6 Ohio St.3d 258, 260. To prevent a black market in the buying and selling of children, the legislature only authorizes someone petitioning for an adoption to make certain disbursements in connection with the minor's permanent surrender, placement, or adoption. R.C. 3107.10(C); Inre Adoption of Howell (1991), 77 Ohio App.3d 80, 87. That statutes provides:
 {¶ 12} "(C) No petitioner, person acting on a petitioner's behalf, or agency or attorney shall make or agree to make any disbursements in connection with the minor's permanent surrender, placement, or adoption other than for the following:
 {¶ 13} "(1) Physician expenses incurred on behalf of the birth mother or minor in connection with prenatal care, delivery, and confinement prior to or following the minor's birth;
 {¶ 14} "(2) Hospital or other medical facility expenses incurred on behalf of the birth mother or minor in connection with the minor's birth;
 {¶ 15} "(3) Expenses charged by the attorney arranging the adoption for providing legal services in connection with the placement and adoption, including expenses incurred by the attorney pursuant to sections 3107.031, 3107.081, 3107.082,3107.09, and 3107.12 of the Revised Code;
 {¶ 16} "(4) Expenses charged by the agency arranging the adoption for providing services in connection with the permanent surrender and adoption, including the agency's application fee and the expenses incurred by the agency pursuant to sections3107.031, 3107.09, 3107.12, 5103.151, and 5103.152 of the Revised Code;
 {¶ 17} "(5) Temporary costs of routine maintenance and medical care for a minor required under section 5103.16 of the Revised Code if the person seeking to adopt the minor refuses to accept placement of the minor;
 {¶ 18} "(6) Guardian ad litem fees incurred on behalf of the minor in any court proceedings;
 {¶ 19} "(7) Foster care expenses incurred in connection with any temporary care and maintenance of the minor;
 {¶ 20} "(8) Court expenses incurred in connection with the minor's permanent surrender, placement, and adoption." Id.
 {¶ 21} Before a probate court can issue a final decree of adoption, the petitioner must file a final accounting specifying "all disbursements of anything of value the petitioner, a person on the petitioner's behalf, and the agency or attorney made and has agreed to make in connection with the minor's permanent surrender under division (B) of section 5103.15 of the Revised Code, placement under section 5103.16 of the Revised Code, and adoption under this chapter." R.C. 3107.10(B), (D). The probate court may either enjoin any "disbursement for an expense not listed in" R.C. 3107.10(C) or order that any person receiving such a disbursement return it to the person who made the distribution. R.C. 3107.10(D). Likewise, the trial court may either reduce any amount to be disbursed for an expense listed in R.C. 3107.10(C) if the amount in the accounting is unreasonable or order that a person receiving an unreasonable amount of such a disbursement refund to the person who made the disbursement an amount the court orders. Id.
 {¶ 22} The payment of reasonable attorney fees lies within the sound discretion of the probate court. In re Estate ofFugate (1993), 86 Ohio App.3d 293, 298. "An abuse of discretion will be found where the probate court's decision is not supported by the record or is contrary to law." In re Stillwell (Apr. 10, 2000), 12th Dist. No. CA99-06-112, citing In re Keller (1989),65 Ohio App.3d 650, 655. Sup.R. 71 states that attorney fees in all matters are governed by DR 2-106. DR 2-106 lists factors to be considered as guides in determining the reasonableness of the fee. Time, labor, novelty, fee customarily charged, and nature and length of the professional relationship are some of the factors. As such, the probate court's decision must be based upon evidence of the actual services performed by the attorneys and upon the reasonable value of those services. Stillwell.
 Paralegal Fees as Attorney Fees {¶ 23} In his third assignment of error, Attorney Dann argues:
 {¶ 24} The Mahoning County Probate Court erred by denying reasonable separate paralegal fees as expenses agreed upon by the parties."
 {¶ 25} According to Attorney Dann, the legal fees generated by his paralegal should be awarded to him as part of the reasonable value of the services he provided to the Bruners. When requesting extraordinary attorney fees, Attorney Dann submitted an itemized bill showing the amount of work both he and his paralegal, Sarah Twyford, performed on the case. The probate court refused to compensate Attorney Dann for the time billed to Twyford, stating the following:
 {¶ 26} "As a preliminary matter, it is noted that it has long been the position of this Court that it does not allow paralegal expenses as a part of the attorney fee billing. Neither Sup.R. 71 nor DR 2-106 contemplate such billings. In this case at least twenty seven (27) hours were billed to one Sarah Twyford, a paralegal employed by Attorney Dann. These requested fees, billed at $90.00 per hour are therefore not allowed. Paralegal's services, along with secretarial support, are considered to be a part of the attorney's office overhead and are not separately billable."
 {¶ 27} The probate court's position on this issue is directly contrary to Ohio caselaw on the subject, including a case which was affirmed by the Ohio Supreme Court.
 {¶ 28} In Jackson v. Brown (1992), 83 Ohio App.3d 230, the Eighth District was asked to decide whether work performed by legal interns could be included as attorney fees. The court noted that legal interns were a recognized position within Ohio's legal system and that it had previously included the efforts of legal interns and paralegals in an award of attorney fees. Id. at 232. Given this history, the court definitively concluded "that an award for the effort of a legal intern on behalf of a client is properly compensable as part of an award of attorney fees." Id.
 {¶ 29} The Twelfth District relied on Jackson in RonScheiderer Assoc. v. London (Aug. 5, 1996), 12th Dist. No. CA95-08-022, to reach a similar conclusion. When asked whether fees generated by a paralegal can be awarded as attorney fees, it concluded as follows:
 {¶ 30} "The supreme court has stated that one factor to consider when awarding attorney fees is the miscellaneous expenses of litigation. Villella v. Waikem Motors, Inc. (1989),45 Ohio St.3d 36, 42. In determining whether to include certain expenses as part of `attorney fees,' the trial court should consider the actual billing practices of the parties' attorney. Today, modern electronic accounting methods allow attorneys to submit detailed and specialized billing for their services. Many attorneys now charge lower hourly rates and bill clients directly for paralegal time and for other legal expenses. Where expenses can be clearly and directly traced to the costs associated with a particular matter, those expenses are not properly considered part of an attorney's `overhead.'
 {¶ 31} "Moreover, when properly employed and supervised, legal assistants may decrease litigation expenses, and their use should not be discouraged. In Jackson v. Brown (1992),83 Ohio App.3d 230, the Eighth District Court of Appeals concluded that an award of `reasonable attorney's fees' under R.C. 5321.51 properly encompassed the fees for the efforts of a legal intern on behalf of a tenant." (Footnote omitted) Id. at 6-7.
 {¶ 32} The Ohio Supreme Court affirmed the Twelfth District's decision in Ron Scheiderer Assoc. v. London,81 Ohio St.3d 94, 1998-Ohio-0453, although it did not address this particular issue in its opinion.
 {¶ 33} The Second, Fifth, Sixth, and Tenth Districts have reached the same conclusion. See Specht v. Finnegan,149 Ohio App.3d 201, 2002-Ohio-4660, at ¶ 44; Non-Employees of ChateauEstates Resident Assn. v. Chateau Estates, Ltd., 2nd Dist. No. 2004 CA 19, 2004-Ohio-3781, at ¶ 33; All Climate Heating andCooling, Inc. v. Zee Properties, Inc. (Apr. 25, 2002), 10th Dist. No. 01AP-784; Fortner v. Ford Motor Co. (Feb. 9, 1998), 5th Dist. No. 1997CA00177.
 {¶ 34} We realize that neither we nor the Ohio Supreme Court had yet directly addressed this issue, so the probate court had no binding precedent on this subject. However, in light of this caselaw, particularly the Ohio Supreme Court's affirmance of the Twelfth District's decision, we cannot agree with the probate court's position. When the expenses generated in an attorney's office can be clearly and directly traced to the costs associated with a particular matter, those expenses are not properly considered part of an attorney's overhead and can properly be charged as legal fees for that particular matter. In this case, Twyford's efforts are clearly and directly traceable to the work performed for the Bruners, so the fees she generated should not be considered part of Attorney Dann's overhead. The probate court erred when it refused to consider these fees as a part of Attorney Dann's fee award.
 Hearing to Determine Reasonableness of Attorneys' Fees {¶ 35} In his first assignment of error, Attorney Dann argues:
 {¶ 36} "The Mahoning County Probate Court erred by reducing Appellant's requested legal fees without holding a hearing on Appellant's motion for extraordinary legal fees in an adoption case."
 {¶ 37} According to Attorney Dann, Sup.R. 71(C) requires a hearing when ruling on attorney fees unless a local rule provides differently and that no local rule modifies that general rule for adoption proceedings. He is correct.
 {¶ 38} Sup.R. 71(C) provides as follows:
 {¶ 39} "Attorney fees may be allowed if there is a written application that sets forth the amount requested and will be awarded only after proper hearing, unless otherwise modified by local rule."
 {¶ 40} This Rule is clear; a trial court must hold a hearing before awarding attorney fees and it can only relieve itself of this obligation if it adopts a local rule providing otherwise. In this case, no local rule modifies the probate court's obligation to hold a hearing when reviewing attorney fees in an adoption proceeding.
 {¶ 41} The Mahoning County Probate Court has adopted a variety of local rules addressing how it would award fees to attorneys and other fiduciaries. For example, Loc.R. 71.1 deals with counsel fees generally, but does not address whether the probate court must hold a hearing prior to awarding those fees. Likewise, neither Loc.R. 71.2, 71.3, 71.4, nor 71.5 authorize the probate court to award attorney fees in particular types of non-adoption actions without a hearing. Loc.R. 71.6 states that attorney fees in the amount of $350.00 for an adoption were presumptively fair and reasonable and that this presumption could be overcome by any evidence which suggests that such fees may prove unreasonable or may otherwise result in a disparity or injustice, but does not specifically authorize the probate court to award those fees without a hearing.
 {¶ 42} Loc.R. 75.4 deals with adoptions and subsection (F) of that rule establishes the manner in which the probate court will award fees in adoption cases. It provides:
 {¶ 43} "(F) Attorney's fees.
 {¶ 44} "(1) Attorney fees for services rendered on matters filed under authority of O.R.C. Chapter 3107 and 5103 shall be based upon the actual services rendered and the reasonable value of the services performed.
 {¶ 45} "(2) The Court may allow the following amounts as attorney fees for ordinary services rendered.
 {¶ 46} "(a) Petitions for placement and adoption $600.00
 {¶ 47} "(b) Petition for adoption only $350.00
 {¶ 48} "(c) Petition for issuance of foreign birth record $350.00.
 {¶ 49} "(d) Petition for release of information (O.R.C.3107.41) $100.00.
 {¶ 50} "(3) Attorney fees classified as extraordinary due to services rendered, will be considered by the Court only upon the filing of a written application that is supported by an itemization of time spent and recorded at the time services were performed and by any other information deemed pertinent."
 {¶ 51} In contrast, Loc.R. 72.5 specifically states that the probate court will not have a hearing unless it determines one is necessary when awarding compensation to the executor, administrator or other fiduciary of a decedent's estate; Loc.R. 73.5 provides likewise in regard to a guardian's compensation; and Loc.R. 74.5 also states that the probate court does not need to hold a hearing when determining a trustee's compensation.
 {¶ 52} The probate court has demonstrated that it knows how to draft a local rule which clearly states that it will not hold a hearing to determine a particular person's compensation. However, none of its local rules specifically states that it does not need to hold a hearing before awarding attorney fees. Thus, the probate court is required to hold a hearing before awarding attorney fees in an adoption case.
 {¶ 53} In this case, the record does not clearly state whether the trial court held a hearing on the motion for extraordinary legal fees. Attorney Dann states that the probate court did not hold such a hearing in his appellate brief, but has failed to provide this court with proof of such a hearing through an App.R. 9 alternative. Nevertheless, no appellee has filed a brief challenging that assertion. App.R. 18(C) provides:
 {¶ 54} "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 {¶ 55} In the past, this court has used this Rule to reverse a trial court's decision even though the appellant did not file a transcript or App.R. 9 alternative to support its arguments. Inre Estate of Traylor, 7th Dist. Nos. 03 MA 253, 03 MA 254, 03 MA 255, 03 MA 256, 03 MA 257, 03 MA 258, 03 MA 259, 03 MA 262,2005-Ohio-1348 at ¶ 10. We noted that since the trial court's judgment entries were detailed and the appellant's presentation of the facts was reasonable in light of those entries, we could determine that the facts did not support the probate court's judgment. Id.
 {¶ 56} In this case, the probate court provides a detailed journal entry, but does not specifically state whether it held a hearing to determine whether the fees requested were reasonable. In light of this, we conclude that we will accept Attorney Dann's statement of the facts as correct. Since those facts state that the probate court did not hold the required hearing, we must conclude that Attorney Dann's first assignment of error is meritorious.
 Reasonableness of Attorney Dann's Fee {¶ 57} In his second assignment of error, Attorney Dann argues:
 {¶ 58} "The Mahoning County Probate Court erred by reducing Appellant's requested legal fees by arbitrarily excluding details of and failing to evaluate the reasonable value of the Appellant's extraordinary expenses in the court's judgment entry."
 {¶ 59} In this assignment of error, Attorney Dann repeats some of the arguments addressed above. His unique argument within this assignment of error is that the probate court erred by arbitrarily reducing his hourly rate from $175.00 per hour to $100.00 per hour. Attorney Dann argues there is no evidence in the record supporting the probate court's decision that $100.00 per hour was a reasonable hourly rate. He is correct. Because the trial court did not hold the required hearing, there is nothing within the record which supports the reduced hourly fee the probate court awarded to Attorney Dann. Attorney Dann's second assignment of error is meritorious.
 Conclusion {¶ 60} In conclusion, we reverse the probate court's judgment regarding Attorney Dann's fees for multiple reasons. First, the probate court's policy to never include fees generated by a paralegal in an attorney fee award is an abuse of discretion. Second, the probate court erred because it did not hold a hearing on attorney fees before awarding those fees as required by Rule. Finally, nothing in the record supports the probate court's decision to reduce the hourly rate for the services requested by Attorney Dann. Accordingly, the judgment of the probate court is reversed and this cause is remanded to the trial court with specific instructions to hold the hearing required by Sup.R. 71(C).
Donofrio, P.J., concurs.
Vukovich, J., concurs.