{¶ 42} This case largely rests on a single issue: Whether the parties agreed to modify the contractual interest rate at a July 21, 2006, hearing. The trial court found in a judgment entry that the parties had entered into such an agreement. Appellant strongly disagrees with this conclusion, stating that the parties reached no such agreement. In its decision, the majority notes that Appellant has failed to provide this court with the transcript necessary to review Appellant's claims, even though a court reporter was present at the July 21st hearing. It excuses this neglect for three reasons. First, the trial court's judgment entry stating that there was such an agreement was unclear as to the terms of that agreement. Second, Appellant's counsel stated as much at oral argument and, as an officer of the court, was under oath when making that statement. Third, Appellee failed to file an appellate brief, so we have the discretion to accept Appellant's statement of the facts as true. I do not believe that any of these reasons supply a sufficient basis, either together or separately, for not accepting the trial court's factual finding. I must, therefore, respectfully dissent.
 {¶ 43} The majority's first basis for questioning the trial court's factual finding is that the judgment entry is vague regarding the terms of the agreement. There is nothing requiring that a trial court reduce such an agreement to writing in a judgment entry. Indeed, such an agreement can be oral and is just as binding as any other contract.Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, paragraph one of the syllabus. Since there is no requirement that the trial court journalize an *Page 15 
agreement made in its presence by the parties, I cannot see how its failure to do so calls into question its conclusion that there was such an agreement.
 {¶ 44} The majority's second reason for questioning the trial court's conclusion is that Appellant's counsel told us at oral argument that there was no such agreement. This is clearly evidence outside the record currently before this court. The majority excuses this, citing the principle that attorneys are officers of the court and are under oath when telling us the facts of a case. Opinion at ¶ 36. But this principle does not apply in this situation. If an attorney told us at oral argument that the state of the record is "X" and the opposing attorney told is it was "not X," then we could not rely on the fact that an attorney told us "X" in reaching our decision. Thus, it is not the fact that Appellant's counsel told us at oral argument that there was no such agreement which is dispositive; it is the fact that this statement was unopposed. Rather, this is an application of the final reason relied upon by the majority for not accepting the trial court's finding, that Appellee has failed to participate in this appeal.
 {¶ 45} I acknowledge that App.R. 18(C) gives us the discretion to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action" if the Appellee does not file an appellate brief. We have done so in the past, even in situations which would normally require a transcript or App.R. 9 alternative. See In re Estate of Black, 7th Dist. Nos. 04 MA 70, 04 MA 71, 04 MA 72, 04 MA 73, 04 MA 75, 04 MA 77, 04 MA 78, 04 MA 79, 04 MA 85, 04 MA 86, 04 MA 121, 04 MA 122, 04 MA 123, 04 MA 124, 04 MA 125, 04 MA 126, 04 MA 127, 04 MA 128, 04 MA 129, 04 MA 131, 04 MA 132, *Page 16 
04 MA 133, 04 MA 135, 04 MA 137, 04 MA 138, 04 MA 139, 04 MA 140, 04 MA 141, 04 MA 151, 04 MA 152, 04 MA 153, 04 MA 196, 04 MA 197, 05 MA 20,2005-Ohio-5933; In re Estate of Traylor, 7th Dist. Nos. 03 MA 253, 03 MA 254, 03 MA 255, 03 MA 256, 03 MA 257, 03 MA 258, 03 MA 259, 03 MA 262,2005-Ohio-1348. However, in those cases the trial court's journal entries were "lengthy," provided "great detail," and the facts claimed by the Appellant were "reasonable in light of" those entries.Black at ¶ 20-21; Traylor at ¶ 10.
 {¶ 46} This case is very different than prior cases in which we've taken Appellant's statement of the facts as true in the absence of a transcript. As highlighted above, the trial court's entry in this case was neither lengthy nor detailed. More importantly, Appellant's statement of the facts directly contradicts the trial court's factual finding that there was an agreement between the parties. I do not believe that our discretion under App.R. 18(C) allows us to accept facts as true which directly contradict a trial court's factual finding. It would be unreasonable to accept an advocate's version of the facts over that of an impartial trial court.
 {¶ 47} For the above reasons, I would presume the regularity of the proceedings before the trial court and affirm its decision. *Page 1