DRAKE, APPELLANT, *v.* MENCZER, APPELLEE.

[Cite as Drake v. Menczer (1980), 67 Ohio App. 2d 122.]

(No. 39532—Decided February 22, 1980.)

*Mr. Lawrence Tucker,* for appellant.

*Mr. Christopher D. Stanley,* for appellee.

CORRIGAN, J.   This is an appeal from a decision rendered by the Cleveland Heights Municipal Court, in which defendant-appellee, Peter Menczer, recovered damages and attorney's fees from his landlord, Betty Drake, the plaintiff-appellant.

The action was filed by appellant, requesting restitution of her property from appellee. Appellee answered, denying appellant's allegations, and counterclaimed, alleging that the action was retaliatory because appellee had complained about various housing violations. On April 10, 1978, the jury rendered a verdict in appellee's favor for $200. Subsequently, the court awarded appellee an additional $800 as reasonable attorney's fees.

Although the record on appeal contains no transcript of the trial proceedings, the parties have filed an Agreed Statement as the record on appeal under App. R. 9(D). That statement reveals that appellant timely objected to the jury charge because it did not contain an instruction "as to the granting of attorney's fees should the jury ultimately determine that the defendant-appellee was entitled to damages," and that this objection was overruled.

Appellant has assigned three errors for this court's review:

"I. The trial court erred in failing to charge the jury with respect to the law allowing it to consider the awarding of attorney's fees should it have found that the defendant-appellee was entitled to actual damages.

"II. The trial court erred in making an award of defendant's attorney's fees, on its own consideration, after having refused to submit such question to the jury.

"III. The trial court erred in overruling the plaintiff-appellant's motion for new trial."

Appellant argues these assignments of error together in her brief, and we therefore address them as a single assignment of error. Cf. App. R. 12(A). The sole issue presented for our review is whether, under R. C. 5321.02, the entitlement to and amount of attorneys' fees awarded for retaliatory conduct is a question for the court or for the jury.

R. C. 5321.02 is part of the Ohio Landlords and Tenants Act, R. C. Chapter 5321, which significantly changed both the substantive and procedural provisions of former Ohio law. See *Laster* v. *Bowman* (1977), 52 Ohio App. 2d 379. Included in the Act are provisions permitting the court to award attorneys' fees to a party who succeeds in vindicating a right protected by the Act.[1]

The award of attorneys' fees serves two purposes. First, it acts as an additional sanction against a person who violates the more important provisions of the Act. Secondly, it serves as encouragement to the private bar to provide representation to tenants who normally could not afford to hire an attorney.[2]

In the present case, the limited question presented is whether the award of attorneys' fees under the above provisions is a determination for the jury or for the court. Appellant relies heavily upon *Dyche Real Estate Fund* v. *Graves* (1978), 55 Ohio App. 2d 153. In that case, the court held that the question of attorneys' fees must be submitted to the jury and is not a matter for the trial court's consideration. The court based this holding on the following two factors:

"It is the intent of this section [R. C. 5321.04(B)] to award the recovery of attorney fees to a tenant where he has proven actual damages arising out of the acts of a landlord. The award

---

[1] The Act permits attorneys' fees to be awarded to the tenant for a landlord's retaliatory conduct (R. C. 5321.02), abuse of access (R. C. 5321.04), self-help evictions (R. C. 5321.15), and the wrongful withholding of security deposits (R. C. 5321.16). The landlord may recover attorneys' fees for the tenant's breach of a statutory duty (R. C. 5321.05) and for the tenant's abuse of rent withholding (R. C. 5321.09).

[2] This provision is fundamental to the strength of the Landlords and Tenants Act because it insures that those persons who are less affluent will be able to protect their rights even when they lack the funds to retain an attorney.

of attorney fees pursuant to this statute is in effect a part of the damages awarded to the tenant for the proving of the landlord's proscribed acts.

"This court has previously held, in the unreported case of *Coachlight Enterprises* v. *Donald Price,* No. 77AP-570, decided December 1, 1977, a landlord-tenant case, the issue of attorney fees is one to be submitted to the jury, and the determination of such fees, within the context of this statute, is not a matter for the trial court's consideration." *Id.,* at page 155.

We respectfully disagree with this conclusion, and therefore, with the holding of the Court of Appeals for Franklin County. First, the case of *Coachlight Enterprises* v. *Price, supra* (Fra. Co. Ct. of Appeals No. 77AP-570, December 1, 1977, unreported), simply assumed that the determination of attorneys' fees was an issue for the jury, but, offered no legal authority or other discussion to support this assumption. Secondly, we believe that the court's conclusion that the statute (R. C. 5321.04[B]) intended to award attorneys' fees *as damages* is simply incorrect.

Traditionally, when a statute authorizes the award of attorneys' fees, it does so by allowing the fees to be taxed as costs. See, *e.g.,* R. C. 163.21, 309.13 and 733.61. See, also, *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177; *Billington* v. *Cotner* (1974), 37 Ohio St. 2d 17; *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599, 607.[3] Interestingly, in *Sorin* v. *Bd. of Edn., supra,* at page 180, the court cited R. C. 1313.51 as a statute which provides "for the recovery of attorney fees, *as part of the costs* of litigation" (emphasis added), despite the fact that R. C. 1313.51 does not specify how the award of fees is to be made.

We find a similar approach to be appropriate here. The statutory language regarding damages and fees provides for an award of "actual damages *together with* reasonable attorneys' fees" (emphasis added), R. C. 5321.02. In our view, had the legislature intended attorneys' fees to be considered a part of the awardable damages, the statute would read "actual damages *including* reasonable attorneys' fees." The present

---

[3] This same procedure is followed under federal laws which award attorneys' fees to a prevailing party. See, *e.g.,* Section 552(a)(4)(E), Title 5, U.S. Code (Freedom of Information Act); Section 1640(a)(3), Title 15, U. S. Code (Truth in Lending Act); Section 2000a-3(b), Title 42, U. S. Code (Civil Rights Act of 1964).

language necessitates a conclusion that attorneys' fees are not awardable as *damages*. Submission of the fee question to the jury would produce a cumbersome and awkward procedure. Not only would the attorney be required to testify as to the time spent, but he would also have to demonstrate that the time spent and the hourly rate charged were reasonable. Proof of "reasonability" may be complex; DR 2-106(B) of the Code of Professional Responsibility lists eight factors to be considered in evaluating an attorney's fee:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

While a court may be quite familiar with the application of these considerations, a jury of lay persons would be unfamiliar with them; and, consequently, the submission to the jury of this question would consume significant additional time from both the attorneys and the court.[4] It is difficult to imagine that the legislature intended to impose such a burden on the state's municipal courts.

We, therefore, conclude that the legislature intended that any attorney's fees awarded by a court under R. C. 5321.02 are to be taxed as costs. Thus, the entitlement to and amount of those fees lies within the sound discretion of the trial judge. See *Cassaro* v. *Cassaro* (1976), 50 Ohio App. 2d 368, 373-374;

---

[4] A requirement that the reasonableness of the fee be submitted to the jury raises the spectre of presentation of expert witnesses regarding reasonable hourly rates, the cross-examination of the attorney concerning his experience, ability and the amount of time involved in preparation, and of complex and lengthy jury instructions, all taking place in a municipal court amid its heavily crowded docket.

*Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, 90. In the present case, because appellant has not demonstrated that the court abused its discretion, the court's award must be sustained.

Accordingly, the judgment of the Cleveland Heights Municipal Court is affirmed.

*Judgment affirmed.*

KRENZLER, P. J., and DAY, J., concur.

KRENZLER, P. J., concurring. I concur in the judgment of affirmance and agree that attorneys' fees are determined by the trial court and not the jury. Further, a party seeking attorneys' fees has the burden of demonstrating the reasonable value of such services. *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85. While the determination of the amount of attorneys' fees is within the discretion of the trial court, there must be some evidence before the court to justify the award. Before an appellate court can affirm the award of reasonable attorneys' fees by a trial court, the record, whether in the form of affidavits and/or other documentary material submitted to the trial court, or in the form of a transcript of an oral hearing, must support the court's determination. *Watters* v. *Love, Admr.* (1965), 1 Ohio App. 2d 571. See also the Code of Professional Responsibility, DR 2-106(B), which sets forth the guidelines to determine the reasonableness of attorneys' fees.

The time spent by an attorney and a reasonable rate to be charged for that time are important factors to be considered by the court. But fees may not always be awarded *only* on the basis of time and an hourly charge. The trial court may disagree with the attorney as to the amount of time reasonably required to perform the particular service. The court will give the evidence such weight as is warranted under all the facts and circumstances in a given case. The court's determination should be based upon the actual value of the necessary service. See *Hlavin* v. *W. E. Plechaty Co.* (1971), 28 Ohio App. 2d 43.