LEWIS, APPELLANT, *v.* ROMANS, APPELLEE.

(No. 41503—Decided July 31, 1980.)

*Ms. Louise McKinney* and *Mr. Kenneth D. Petrey,* for appellant.

*Mr. Irwin S. Horwitz,* for appellee.

DAY, J. This is an appeal by plaintiff-appellant, JoAnne Lewis (plaintiff), from a judgment rendered by the Shaker Heights Municipal Court in an action against defendant-appellee, Ann Romans (defendant), for violations of the Landlords and Tenants Act, R. C. 5321.15(A). For reasons assessed below, the judgment is reversed in the particulars noted and the cause remanded for further proceedings consistent with this opinion.

I.

Pursuant to plaintiff's motion for summary judgment, defendant was found liable for violations of R. C. 5321.15(A).* No appeal has been taken from that ruling. The issue of damages was subsequently tried to a jury which awarded plaintiff $800. The trial court refused, however, to allow the jury to consider the matter of attorneys' fees, ruling that because plaintiff was represented by the Legal Aid Society and had not incurred out-of-pocket legal expenses, she could not recover attorneys' fees.

Plaintiff filed a timely appeal and assigns one error:

"Where the appellee-landlord has violated O.R.C. §5321.15, the trial court erred in refusing to permit an award of attorneys' fees because appellant-tenant was represented by Legal Aid Society attorneys."

II.

R. C. 5321.15(C) provides:

"A landlord who violates this section is liable in a civil ac-

---

* R. C. 5321.15(A) provides:

"No landlord of residential premises shall initiate any act, including termination of utilities or services, exclusion from the premises, or threat of any unlawful act, against a tenant, or a tenant whose right to possession has terminated, for the purpose of recovering possession of residential premises, other than as provided in Chapters 1923, 5303, and 5321 of the Revised Code."

tion for all damages caused to a tenant, or to a tenant whose right to possession has terminated, together with reasonable attorneys fees."

The Landlords and Tenants Act enunciates a clear policy of awarding attorneys' fees to a tenant who must seek legal redress in the courts because of acts committed by a landlord in violation of the Act. No exceptions are made by the language of R. C. 5321.15(C) for individuals represented at no charge. And there appears to be no reason that could be advanced which would allow a landlord to benefit from the fortuitous circumstance of a tenant's penury, see *Rodriguez* v. *Taylor* (C.A. 3, 1977), 569 F. 2d 1231, 1244-1246, certiorari denied (1978), 436 U. S. 913.

If it be asserted that allowing the recovery of attorneys' fees in such a situation would amount to a windfall in favor of the plaintiff, this argument is easily met and overcome. By virtue of a municipal court's having " * * * such other powers as are necessary to give effect to the jurisdiction of the court and to enforce its judgments, orders, or decrees" (R. C. 1901.13[A] ), the amount of fees determined to be proper should be awarded directly to the Legal Aid Society, cf. *Miller* v. *Amusement Enterprises, Inc.* (C.A. 5, 1970), 426 F. 2d 534, 539.

## III.

One further point needs explication. It arises on this appeal as a result of the trial court's refusal to instruct the jury on the matter of attorneys' fees. It appears that the parties and the trial court assumed that if plaintiff was, indeed, entitled to attorneys' fees, the amount of such fees was for the jury.

However, the trial in this case took place before this court's decision in *Drake* v. *Menczer* (1980), 67 Ohio App. 2d 122. *Drake* held that the entitlement to an award of attorneys' fees under R. C. 5321.02, and the amount of such an award, lie within the sound discretion of the trial court, *id.*, at 125. Such fees are to be taxed as costs, *id.* It is equally appropriate that the issue of attorneys' fees under R. C. 5321.15(C) be committed to the discretion of the trial court and not the jury. Of course, compliance with the standards of *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, must be had. This involves a deter-

mination by the court of the reasonable value of legal services rendered, *id.,* at 89-94.

## IV.

The assignment of error is well taken. The judgment of the trial court is reversed insofar as it failed to award attorneys' fees because the representation by the Legal Aid Society was free to the plaintiff.

The cause is remanded to the trial court to determine plaintiff's entitlement to such fees and the reasonable value of the services rendered. Any award of attorneys' fees is to be paid directly to the Legal Aid Society.

Judgment reversed in part; affirmed in part; and remanded to the Shaker Heights Municipal Court for further proceedings in accordance with this opinion.

> *Judgment reversed in part;*
> *affirmed in part; and*
> *the cause remanded for*
> *further proceedings.*

KRENZLER, C. J., and PATTON, J., concur.