THOMAS ET AL., APPELLEES, *v.*
PAPADELIS ET AL., APPELLANTS.

(No. 1317—Decided July 5, 1984.)

*Mr. Stephen J. Brown* and *Mr. Dennis Paul,* for appellees.

*Mr. Lawrence J. Courtney,* for appellants.

GEORGE, J. The defendant-appellant, Nick Papadelis, d.b.a. Guaranteed Management Co., appeals the judgment of the trial court granting $1,550 to the plaintiffs-appellees, Michael D. and Sheila Thomas. This court affirms the judgment of the trial court.

The Thomases rented an apartment from Papadelis on November 10, 1982. A provision in the lease gave Papadelis the right to lock out the Thomases after giving them three days' notice to leave if they caused trouble or damaged the apartment.

The Thomases paid the first week's rent but failed to pay rent thereafter. They received a three-day notice to vacate sometime in November. On January 10, 1983, Papadelis locked the Thomases out of their apartment. Two days later, the Thomases obtained a restraining order permitting them to return to the apartment. They remained in the apartment until April 1983 without paying any rent.

The Thomases brought suit against Papadelis for wrongful eviction, pursuant to R.C. Chapter 5321. Papadelis counterclaimed for the unpaid rent. The trial court awarded the Thomases $50 in nominal damages, plus $1,500 for attorney fees. Papadelis received $1,127 judgment against the Thomases for unpaid rent.

Assignment of Error 1

"The court erred in ruling defendants violated 5321.15 O.R.C. and, therefore, plaintiffs were entitled to damages and attorney fees."

If a tenant fails to pay rent, a landlord of residential property may recover possession of the premises only as provided by R.C. Chapters 1923, 5303, and 5321. R.C. 5321.15(A). Here, the action taken by Papadelis was not authorized by any of these provisions. As such, Papadelis violated R.C. 5321. 15(A) and was liable to the Thomases for damages and reasonable attorney fees. R.C. 5321.15(C). Accordingly, this assignment of error is overruled.

Assignment of Error 2

"The court erred as a matter of law by determining before the trial that defendants violated [R.C.] Section 5321.15(A) and that the provisions of the lease were unconscionable and void."

The trial court may grant summary judgment to the non-moving party if there is no genuine issue as to any material fact. *Houk* v. *Ross* (1973), 34 Ohio St. 2d 77 [63 O.O.2d 119], paragraph one of the syllabus. Here, the trial court found that the lease provision

granting Papadelis the right to lock the Thomases out of their apartment was unconscionable. It was an attempt to waive the restrictions imposed on Papadelis, as a landlord, under R.C. 5321.15, for recovery of the premises. See R.C. 5321.13(A). Thus, the trial court was entitled to find as a matter of law that this provision was not enforceable. R.C. 5321.14(A); and *Riding Club Apts.* v. *Sargent* (1981), 2 Ohio App. 3d 146. Accordingly, this assignment of error is overruled.

### Assignment of Error 3

"The court erred in not finding the plaintiffs came into court with 'unclean hands' and were not entitled to recover damages."

Since the defendants violated R.C. 5321.15(A), the Thomases were entitled to damages and attorneys fees. Here, the trial court found the Thomases sustained nominal damages of $50. They are entitled to nominal damages under the facts of this case. See, generally, *Younce* v. *Baker* (1966), 9 Ohio App. 2d 259 [38 O.O.2d 316].

The trial court further found that the Thomases were entitled to reasonable attorney fees of $1,500. The determination of the amount of the award is within the discretion of the trial court. *Lewis* v. *Romans* (1980), 70 Ohio App. 2d 7, [24 O.O.3d 9]. Papadelis has not provided this court with a transcript of the hearing held to consider damages. Therefore, this court has no way to determine whether the trial court abused its discretion. Accordingly, this assignment of error is overruled.

### Assignment of Error 5

"The court erred in its language in the journal entry of November 18, 1983."

The trial court's findings and conclusions, filed November 1, 1983, stated that Guaranteed Management was liable for all damages as a result of the lockout. In its judgment issued November 18, 1983, the trial court granted judgment against Nick Papadelis, d.b.a. Guaranteed Management. There is no conflict between the trial court's findings and its judgment. Rather, the judgment clarifies whom the Thomases obtained judgment against. Further, Papadelis does not contend that this finding was erroneous. Accordingly, this assignment of error is overruled.

### Assignment of Error 4

"The court erred in awarding attorney fees because the plaintiffs were not entitled to damages."

### Assignments of Error 6, 7, and 8

"The court erred in ordering Nick Papadelis to pay attorney fees; the court erred in ordering payment to Stephen Brown and Dennis Paul; the court erred in not offsetting the judgment of plaintiffs for attorney fees against defendants' judgment for past due rent."

The decision to permit a setoff of judgments is within the trial court's discretion. See, generally, 32A Ohio Jurisprudence 2d (1975) 276, Judgments, Section 744; and *Diehl* v. *Friester* (1882), 37 Ohio St. 473, paragraph two of the syllabus. Here, Papadelis most likely fears that he will be unable to enforce his judgment against the Thomases for the unpaid rent. A setoff with the award of attorney fees and damages would permit him to recover in full. For the reasons that follow, the trial court's decision is affirmed.

Pursuant to R.C. 5321.15(C), a landlord is liable for the necessary legal fees incurred by a tenant who seeks legal redress for a landlord's violation of R.C. Chapter 5321. This provision is designed to deter unconscionable conduct on the part of a landlord by forcing the landlord to assume these expenses. If Papadelis were permitted to set off the award of attorney fees ($1,500) and damages against the judgment for un-

paid rent ($1,127), Papadelis would have to pay only $423. The bulk of the setoff would come from the attorney fees. Thus, permitting a setoff would enable Papadelis to avoid paying a significant portion of the attorney fees incurred as a result of his unconscionable conduct. This would only weaken the policy objectives of R.C. 5321.15(C).

Additionally, a setoff should not be granted against attorney fees if those attorneys who contributed their skill and services in obtaining the judgment would be prejudiced thereby. 32A Ohio Jurisprudence 2d (1975) 282, Judgments, Section 752. The facts of this case lead to the conclusion that such prejudice would occur. Therefore, Papadelis was not entitled to a setoff.

Finally, the Thomases have not incurred out-of-pocket legal expenses in this case. As such, the trial court was justified in ordering payment of attorney fees directly to the attorneys who provided legal services for the Thomases. *Lewis* v. *Romans, supra,* paragraph three of the syllabus.

Accordingly, these assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.