Although I concur in the affirmance of this judgment, I disagree with the majority's conclusion that attorneys' fees under R.C. Chapter 5321 are "damages" as opposed to "costs."
The majority of Ohio appellate districts that have confronted this issue have concluded that attorneys' fees are costs under R.C. Chapter 5321. See, e.g., Lacare v. Dearing (1991), 73 Ohio App.3d 238,241 (Eleventh Appellate District); Fant v. DiSabato
(Dec. 29, 1987), Franklin App. No. 87AP-265, unreported (Tenth Appellate District); Breault v. Williamsburg Estates (Nov. 21, 1986), Lucas App. No. L-86-116, unreported (Sixth Appellate District); Rand v. Washington (May 26, 1983), Montgomery App. No. 7822, unreported (Second Appellate District); Drake v.Menczer (1980), 67 Ohio App.2d 122 (Eighth Appellate District). Only two other Ohio appellate districts have concluded that attorneys' fees are damages. Exline v. Nelson (July 1, 1987), Vinton App. No. 434, unreported (Fourth Appellate District);Fay Gardens Mobile Home Park v. Newman (1983), 14 Ohio App.3d 144,148 (Twelfth Appellate District).
In Drake, the Eighth Appellate District cited Sorin v. Bd. ofEdn. (1976), 46 Ohio St.2d 177, for the proposition that "[t]raditionally, when a statute authorizes the award of attorneys' fees, it does so by allowing the fees to be taxed as costs." Drake, supra, at 124. The Drake court then reasoned that,
 [t]he statutory language regarding damages and fees provides for an award of "actual damages together with reasonable attorneys' fees" (emphasis added), R. C. 5321.02. In our view, had the legislature intended attorneys' fees to be considered a part of the awardable damages, the statute would read "actual damages including
reasonable attorneys' fees." The present language necessitates a conclusion that attorneys' fees are not awardable as damages.
(Emphasis sic.) Id. at 124-125.[1]
I find the Drake analysis to be persuasive. In my opinion, the statutory language and the greater weight of authority supports the conclusion that attorneys' fees under R.C. Chapter 5321 constitute costs rather than damages. Therefore, I would overrule Cameron and Chaney.
Having so concluded, I must address GMS's argument that the lower court was without jurisdiction to award costs, as the exclusive jurisdiction for awarding appellate costs rests with the appellate court under App.R. 23. Because the Christes were relying on this Court's prior decisions in Cameron and Chaney,
I would affirm the award in this particular case and require that requests for attorneys' fees in future appeals be addressed to this Court in accordance with App.R. 23.
In conclusion, although I ultimately concur in the result, I would overrule Cameron and Chaney and designate attorneys' fees under R.C. Chapter 5321 as costs.
[1] Although the Drake court was quoting from a different section of the landlord-tenant act, its rationale would apply to the section at issue here, which reads: "If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages * * *and reasonable attorneys fees." (Emphasis added.) R.C.5321.16(C).