OPINION
Plaintiff, Credit Investments, Inc., appeals from a judgment for Defendant, Barbara Kraus, on Plaintiff's complaint on an account.
Credit Investments, Inc. is the holder of a promissory note which indicates on its face that it was executed on November 4, 1998 by Barbara Kraus, of 6240 Cruxten Drive, Huber Heights, Ohio. The face amount of the note is $930.24. The note financed a health club membership that Kraus allegedly purchased.
Credit Investments, Inc. commenced the underlying action against Barbara Kraus on September 14, 2000, alleging that she was in default on the note obligation and that a total of $572.24 was yet due and owing. The complaint was served on Kraus at the Cruxten Drive address by regular mail. Kraus filed an answer, denying that she had signed the note.
The case proceeded to trial. Credit Investment, Inc. offered evidence of the note bearing the signature of Barbara Kraus at the Cruxten Drive address. It also offered evidence of six canceled checks drawn on the account of Barbara Kraus of that same address and made payable to Credit Investments, Inc.
The court entered judgment for Defendant Kraus at the conclusion of the trial, stating:
 "This cause came to be heard as trial to court. Defendant denies that it was she who signed the contract. Plaintiff cannot demonstrate who signed the contract.
 Therefore, judgment is found in favor of defendant and against plaintiff. SO ORDERED."
Credit Investments, Inc. filed a timely notice of appeal. It presents a single assignment of error, which states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT EXCLUDED FROM EVIDENCE A TAPE RECORDING OF APPELLEE'S TELEPHONE CONVERSATION AS THE RECORDING WAS ADMISSIBLE AS A BUSINESS RECORD AND/OR BECAUSE IT CONTAINED THE ADMISSIONS OF A PARTY OPPONENT.
Error assigned on appeal must be "specifically pointed out in the record." App.R. 12(A). Assignments of error not properly supported by the record will be overruled. Thomas v. Papadelis (1984), 16 Ohio App.3d 359. If a transcript is necessary to determine the issues raised on appeal, the absence of a transcript obliges the appellate court to either dismiss the appeal or affirm the judgment of the trial court. State v. Render (1987), 43 Ohio St.2d 17.
App.R. 9 governs the record on appeal. Paragraph (A) of the rule states, inter alia:
 Composition of the record on appeal. The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App.R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs. (Emphasis supplied.)
The trial transcript is in the videotape medium. However, we have not been provided a typed or printed transcript of the videotape or any portion of it, as App.R. 9(A) requires. Per App.R. 9(B) it is Appellant's duty to present that recitation by attaching a copy to its brief on appeal.
Attached to the brief filed by Credit Investments, Inc. is a typed recitation of a purported colloquy between its representative and a person identified as "Barbara," in which Barbara acknowledges that she signed the promissory note on which this action was brought. Credit Investments, Inc. argues that it offered an audiotape of the conversation in evidence to show that Defendant acknowledged her obligation on the debt and that the trial court excluded the evidence as hearsay. The trial court erred, according to Credit Investments, Inc., for two reasons. First, because the purported conversation is an admission of a party opponent and, therefore, does not constitute hearsay. Evid.R. 801(D)(2). Second, the tape is a business record, and thus admissible per Evid.R. 803(6) as an exception to the rule against hearsay.
The typed recitation attached to Appellant's brief could satisfy the requirements of App.R.9 with respect to the contents of the audiotape that Appellant offered in evidence. However, the audiotape itself is not in the record, and the court apparently refused to allow the audiotape to be played, so its contents are not a part of the videotape transcript of the trial proceedings.
Credit Investments, Inc. argues that it presented the trial court with a copy of the transcript attached to its brief on appeal. That would satisfy the "offer of proof" requirements of Evid.R. 103(A)(2), if the audiotape itself or its contents was a part of the record on appeal. However, lacking the audiotape or a record of its contents, we cannot rely on the printed transcript attached to Appellant's brief.
We are also troubled by the lack of a printed statement of the portion of the videotape transcript in which the trial court excluded the audiotape from evidence. That ruling, after all, is the basis of the error assigned. Absent such a statement, which App.R. 9(A) mandates, we can determine the error only by reviewing the videotape itself. That is not beyond our capacity, but until the requirements of the rule are changed, we decline to exercise our discretion to avoid the rule's requirements in order to cure Appellant's failure to comply with the express requirements of the rule.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.