CRENSHAW, Appellee,

v.

ROWLAND, Appellant; et al.

[Cite as *Crenshaw v. Rowland,* 196 Ohio App.3d 717, 2011-Ohio-5942.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–10–1152.

Decided Nov. 18, 2011.

Shirley Crenshaw, pro se.

Jonathan Ketter and Kaser S. Bhatti, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court in which the court denied the motion of defendants, Monique and Eddie Rowland, for attorney fees following the court's order awarding them damages on their claim for wrongful termination of water services. Appellant, Monique Rowland, now challenges that judgment through a single assignment of error:

{¶ 2} "The trial court erred in denying defendant's motion for an award of attorneys' fees pursuant to R.C. 5321.15(C)."

{¶ 3} Plaintiff-appellee, Shirley Crenshaw, is the owner and landlord of a rental property located at 1458 Fernwood, Toledo, Lucas County, Ohio. On July 9, 2009, Crenshaw filed a forcible-entry-and-detainer action against defendants in the court below, in which she alleged that defendants were in default for failure to pay rent from May 2009 through the date of the complaint. Appellee sought amounts for unpaid rent, unpaid utilities, and damages to the premises. Defendants responded by filing an answer, raising affirmative defenses and five counterclaims. The counterclaims alleged that during the term of the lease, the premises were unsafe and/or unsanitary in violation of the Toledo Municipal Code and the Ohio Revised Code, that appellee willfully and maliciously terminated water service to the premises resulting in damages to defendants, that appellee breached the implied warranty of habitability by failing to maintain the rental unit in a safe and habitable condition, that appellee entered the premises without consent or emergency on several occasions between June 11, 2009, and August 4, 2009, and that appellee's unauthorized entry constituted a breach of defendants' right to quiet enjoyment.

{¶ 4} The case proceeded to a trial, at which appellee admitted that water service to the premises had been turned off at her request after defendants failed to pay rent and that she had then informed the Lucas County Health Department and Lucas County Children Services that the premises had no water. As a result, the Lucas County Health Department declared the premises uninhabitable

and Lucas County Children Services informed defendants that they had to vacate the home because it had no running water.

{¶ 5} On March 4, 2010, the lower court filed a judgment entry on the claims of appellee and defendants. Although the court awarded appellee $373.28 for past-due rent and for damage to the carpet, the court further found that appellee had breached her duties as a landlord in causing water services to be terminated and that her actions violated R.C. 5321.15. The court, therefore, found that defendants were entitled to damages totaling $800 on their second and third counterclaims. The court then offset the awards and ordered appellee to pay defendants $426.72.

{¶ 6} Subsequently, defendants filed a motion for attorney fees pursuant to R.C. 5321.15(C). Upon review, the court denied the motion, stating that although appellee had violated her duties as a landlord, defendants had also breached their obligations as tenants by failing to pay rent and causing damage to the premises. It is from that judgment that Monique Rowland now appeals.

{¶ 7} In her sole assignment of error, appellant asserts that the lower court erred in denying her motion for attorney fees. An award of fees, she contends, was mandatory under R.C. 5321.15(C) once the court determined that the landlord had violated R.C. 5321.15(A).

{¶ 8} R.C. 5321.15 provides:

{¶ 9} "(A) No landlord of residential premises shall initiate any act, including termination of utilities or services, exclusion from the premises, or threat of any unlawful act, against a tenant, or a tenant whose right to possession has terminated, for the purpose of recovering possession of residential premises, other than as provided in Chapters 1923., 5303., and 5321. of the Revised Code.

{¶ 10} " * * *

{¶ 11} "(C) A landlord who violates this section is liable in a civil action for all damages caused to a tenant, or to a tenant whose right to possession has terminated, together with reasonable attorneys fees."

{¶ 12} In denying defendants' motion for attorney fees, the lower court stated that an award of fees was a matter within the trial court's discretion, and cited *Drake v. Menczer* (1980), 67 Ohio App.2d 122, 425 N.E.2d 961, in support. The court in *Drake,* however, addressed the question "whether, under R.C. 5321.02, the entitlement to and amount of attorneys' fees awarded for retaliatory conduct is a question for the court or for the jury." *Id.* at 123. R.C. 5321.02 prohibits landlords from retaliating against tenants by increasing rent, decreasing services, or bringing or threatening to bring an action for possession of the premises because of various complaints made by the tenant. Under those circumstances, the statute provides that "the tenant may recover from the landlord any actual

damages together with reasonable attorneys' fees." R.C. 5321.02(B)(3). In answering the question presented, the court in *Drake* determined that the matter of attorney fees was a question for the sound discretion of the court, not the jury. Accordingly, because *Drake* addressed a question not relevant to this case, the trial court's reliance on *Drake* was misplaced.

{¶ 13} "The Landlords and Tenants Act enunciates a clear policy of awarding attorneys' fees to a tenant who must seek legal redress in the courts because of acts committed by a landlord in violation of the Act." *Lewis v. Romans* (1980), 70 Ohio App.2d 7, 9, 433 N.E.2d 622. "Pursuant to R.C. 5321.15(C), a landlord is liable for the necessary legal fees incurred by a tenant who seeks legal redress for a landlord's violation of R.C. Chapter 5321. This provision is designed to deter unconscionable conduct on the part of a landlord by forcing the landlord to assume these expenses." *Thomas v. Papadelis* (1984), 16 Ohio App.3d 359, 360, 476 N.E.2d 726. In *Thomas,* the tenant failed to pay rent and the landlord retaliated by locking the tenant out of the apartment. The landlord's actions were not an authorized method for recovering possession of the premises under R.C. Chapter 1923, 5303, or 5321. The court determined that because the landlord had violated R.C. 5321.15(A), he was liable to the tenant for damages and reasonable attorney fees.

{¶ 14} Similarly, in *Filyo v. Cannon* (Dec. 21, 1995), 5th Dist. No. 95 CA 1, 1995 WL 776946, the tenant withheld rental payments for two months due to a number of substantial repairs needed on the rental property. After months of unresolved issues at the property, the tenant and her family decided to move. During the time that the tenant was moving, the landlord twice entered the house and removed some of the tenant's property in an effort to force the tenant to pay the rent due. The tenant filed suit against the landlord, and the court found that the landlord had violated R.C. 5321.15(B), which prohibits a landlord from seizing the furnishings or possessions of a tenant in an effort to recover rental payments. The court awarded the tenant $376.50 in damages for missing property and $20 for trespass. The court also awarded the landlord $350 for the past-due rent, leaving a net judgment of $46.50 for the tenant. The court, however, denied the tenant's request for attorney fees. On appeal, the court looked to R.C. 5321.15(C) and determined that because the trial court found that the landlord, by his own admission, violated R.C. 5321.15(B), the tenant was entitled to reasonable attorney fees. The court, therefore, remanded the case to the trial court for it to conduct a hearing to determine the amount of attorney fees to award to the tenant.

{¶ 15} We therefore conclude that while the amount of attorney fees due a successful tenant in an R.C. 5321.15 action is a matter left to the trial court's discretion, an award of reasonable fees is mandated by R.C. 5321.15(C). This is

consistent with the Supreme Court of Ohio's interpretation of R.C. 5321.16, a statute substantially similar to R.C. 5321.15. R.C. 5321.16 addresses the situation where a landlord wrongfully withholds a portion of a tenant's security deposit. R.C. 5321.16(C) provides: "If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees." In *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 513 N.E.2d 737, the Supreme Court of Ohio examined the issue of attorney fees in R.C. 5321.16 actions and held, at 349, that "under R.C. 5321.16(B) and (C), a landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees. Such liability is mandatory, even if the landlord gave the tenant an itemized list of deductions from the deposit pursuant to R.C. 5321.16(B)." Upon appellate review, the amount of fees determined will not be reversed absent a showing of an abuse of discretion. *Id.* The court noted, however, that "the award of attorney fees must relate solely to the fees attributable to the tenant's security deposit claim under R.C. 5321.16, and not to any additional claims." *Id.*

{¶ 16} In light of the Supreme Court of Ohio's interpretation of R.C. 5321.16(C), we find that an award of reasonable attorney fees under R.C. 5321.15(C) is mandatory when a court determines that a landlord has violated R.C. 5321.15(A) or (B). In the present case, appellee admitted that she requested that water service to the rental unit be discontinued when defendants failed to pay their rent. She also then notified the health department and the children-services department that the unit had no water. These actions prompted those governmental authorities to investigate and demand that defendants leave the premises. The trial court, however, determined that because defendants failed to pay rent and were responsible for damage to the carpet in the premises, they were not entitled to attorney fees. In this regard, the lower court misinterpreted R.C. 5321.15. Accordingly, the sole assignment of error is well taken.

{¶ 17} On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Toledo Municipal Court is reversed. This case is remanded to the trial court for a determination of reasonable attorney fees due appellant consistent with the standards set forth in this decision. Costs of this appeal are assessed to appellee pursuant to App.R. 24.

Judgment reversed.

OSOWIK, P.J., and HANDWORK, J., concur.