[Cite as *Gaitawe v. Mays*, 2012-Ohio-4749.]

## IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

JOHN GAITAWE, ET AL.

|  |  |  |
|---|---|---|
| Plaintiffs-Appellees | : | C.A. CASE NO. 25083 |
| vs. | : | T.C. CASE NO. 2010-CVG-891 |
| LAKIESHA MAYS | : | (Civil Appeal from Municipal Court of Dayton, Ohio) |
| Defendant-Appellant | : | |

· · · · · · · · ·

## O P I N I O N

Rendered on the 12th day of October, 2012.

· · · · · · · · ·

John Gaitawe and Gloria Gaitawe, 780 Broad Oak Drive, Trotwood, Ohio 45426
        Pro Se Plaintiffs-Appellees

Debra A. Lavey, Atty. Reg. No. 0073259, 333 West First Street, Suite 500, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}   Defendant Lakiesha Mays appeals from a final judgment  denying her request for attorney fees with regard to her counterclaim against Plaintiffs John and Gloria Gaitawe for illegal eviction.

{¶ 2}   On November 15, 2010, Mays entered into a month-to-month lease agreement to rent a house owned by the Gaitawes.   The parties agreed to a monthly rent of $500.00 with

a security deposit of $500.00. On January 15, 2011, Mays moved out with some of her belongings, claiming that the residence was infested with bedbugs. She did not pay rent for the period of January 15 through February 15, 2011. When Mays returned for the rest of her property on February 2, 2011, she found some of her household goods outside on the porch, but many items were missing. The lock on the front door of the residence had been changed.

{¶ 3} On the same day, the Gaitawes filed a forcible entry and detainer action against Mays for non-payment of rent. The following month, Mays filed several counterclaims, including one for illegal eviction, alleging that the Gaitawes did not have the authority to remove her belongings or to change the locks.

{¶ 4} A trial was held on August 8, 2011. The following week, the magistrate filed a decision finding that despite the questionable credibility of all of the parties, the Gaitawes had proven their case for back rent. After offsetting the security deposit which the Gaitawes properly withheld, the magistrate awarded no damages.

{¶ 5} The magistrate also found that Mays had proven her counterclaim for illegal eviction and awarded her damages in the amount of $1,020.00. The magistrate concluded that "[d]ue to Defendant's credibility issues, the court will not award damages for food or other items, mental suffering and emotional distress, punitive damages, attorney fees, or any other items listed in the counterclaim."

{¶ 6} Mays filed timely objections to the magistrate's decision. The trial court overruled her objections and adopted the magistrate's decision, noting that "Defendant failed to provide any documenting proof of attorney fees." [Dkt. 30]. Mays appeals raising two

assignments of error, both arguing that the trial court erred in failing to award her attorney fees. The Gaitawes have not filed an appellate brief.

{¶ 7} Mays's first assignment of error:

"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO AWARD DEFENDANT-APPELLANT ATTORNEY FEES WHEN THE TRIAL COURT FOUND THAT THE PLAINTIFF-APPELLEE PROCEEDED WITH AN ILLEGAL EVICTION AGAINST DEFENDANT-APPELLANT IN VIOLATION OF R.C. 5321.15."

{¶ 8} R.C. 5321.15 provides:

(A) No landlord of residential premises shall initiate any act, including termination of utilities or services, exclusion from the premises, or threat of any unlawful act, against a tenant, or a tenant whose right to possession has terminated, for the purpose of recovering possession of residential premises, other than as provided in Chapters 1923., 5303., and 5321. Of the Revised Code.

(B) No landlord of residential premises shall seize the furnishings or possessions of a tenant, or of a tenant whose right to possession has terminated, for the purpose of recovering rent payments, other than in accordance with an order issued by a court of competent jurisdiction.

(C) A landlord who violates this section is liable in a civil action for all damages caused to a tenant, or to a tenant whose right to possession has terminated, together with reasonable attorney fees.

{¶ 9}   The magistrate ruled in favor of Mays with regard to her counterclaim that the Gaitawes violated R.C. 5321.15 on a finding that they "did not have legal authority to remove Defendant's belongings or change the locks" to the house, and therefore the Gaitawes "proceeded with an illegal eviction and owes (sic) damages to Defendant for the personal items that were taken." [Dkt. 24, p. 21].   The court adopted that finding and conclusion. Mays argues on appeal that due to the Gaitawes' violation of R.C. 5321.15, she is entitled to reasonable attorney fees pursuant to R.C. 5321.15(C).   For the following reasons, we agree.

{¶ 10} Several Ohio appellate courts have found that when a landlord violates R.C. 5321.15(A) or (B), R.C. 5321.15(C) mandates the award of reasonable attorney fees. "'Pursuant to R.C. 5321.15(C), a landlord is liable for the necessary legal fees incurred by a tenant who seeks legal redress for a landlord's violation of R.C. Chapter 5321.'"   *Crenshaw v. Rowland,* 196 Ohio App.3d 717, 2011-Ohio-5942, 965 N.E.2d 341, ¶ 13 (6th Dist.), quoting *Thomas v. Papadelis,* 16 Ohio App.3d 359, 360, 476 N.E.2d 726 (9th Dist.1984).   Accord, *Filyo v. Cannon,* Fifth Dist. No. 95 CA 1, 1995 WL 776946 (Dec. 21, 1995); *Ingram v. Gasser,* 2d Dist. No. CA 12235, 1991 WL 30227 (Mar. 6, 1991).   When a tenant has actually incurred no out-of-pocket attorney fees, the amount of fees determined to be proper should be awarded directly to the attorney or organization that provided the legal services.   *Lewis v. Romans*, 70 Ohio App.2d 7, 433 N.E.2d 622 (1980).

{¶ 11} Based upon its finding that Mays was not a particularly credible witness, the trial court refused to grant her request for attorney fees.   However, "while the amount of attorney fees due a successful tenant in an R.C. 5321.15 action is a matter left to the trial

court's discretion, an award of reasonable fees is mandated by R.C. 5321.15(C)." *Crenshaw,* at ¶ 15. The trial court erred when it denied Mays' request for attorneys fees.

{¶ 12} Mays's first assignment of error is sustained.

{¶ 13} Mays's second assignment of error:

"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO AWARD DEFENDANT-APPELLANT ATTORNEY FEES BECAUSE THE DEFENDANT-APPELLANT FAILED TO PRESENT ANY EVIDENCE OF HER FEES DURING THE HEARING ON DAMAGES."

{¶ 14} The Ohio Supreme Court has held that "[a]ttorney fees awards made pursuant to R.C. 5321.16(C) are to be assessed as costs." *Christie v. GMS Management Co., Inc.,* 88 Ohio St.3d 376, 726 N.E.2d 497 (2000), syllabus. Although the certified question accepted by the Court encompassed several attorney fee provisions appearing throughout Chapter 5321 actions, the Court opted to confine its holding to actions pursuant to R.C. 5321.16. *Id.* at 377.

{¶ 15} The Supreme Court reasoned that under common law attorney fees were in the nature of costs rather than damages. *Id.* at 378, citing *Beacon Journal Publishing Co. v. Ohio Dept. Of Health,* 51 Ohio St.3d 1, 3, 553 N.E.2d 1345 (1990). Furthermore when a statute authorizes the award of attorney fees, it does so by allowing the fees to be taxed as costs rather than awarding the fees as damages. *Id.*, citing *Beacon,* at 51*; Sorin v. Warrensville Hts. School Dist. Bd. of Edn.,* 46 Ohio St.2d 177, 179, 347 N.E.2d 527 (1976); *State ex rel. Michaels v. Morse,* 165 Ohio St. 599, 607, 138 N.E.2d 660 (1956). Finally, the Court noted that the legislature could have expressly stated that attorney fees are recoverable as damages, and absent express language to that effect, "we are unwilling to depart from our long-standing

practice of treating statutorily authorized attorney fees as costs." *Id.* We see no logical reason for attorney fees awarded in actions under R.C. 5321.15 to be handled differently than those awarded under R.C. 5321.16.

{¶ 16} Because attorney fees are assessed as costs rather than as damages, a tenant is not required to offer evidence of the amount of those attorney fees at trial. *Berlinger v. Suburban Apartment Management Co.,* 7 Ohio App.3d 122, 126, 454 N.E.2d 1367 (8th Dist.1982). An evidentiary hearing may be held to determine the reasonable amount of attorney fees to be awarded following a judgment finding that the tenant is entitled to attorney fees.

{¶ 17} Mays's second assignment of error is sustained.

{¶ 18} Both of Mays's assignments of error having been sustained, the judgment of the trial court will be reversed. This case will be remanded to the trial court for a determination of reasonable attorney fees due to Mays.

Fain, J., And Donovan, J., concur.

Copies mailed to:

John and Gloria Gaitawe
Debra A. Lavey, Esq.
Hon. Carl S. Henderson