Harsha, J.
*282 {¶ 1} The Gallia County Municipal Court found that Leonard and Rose Conner (landlords) constructively evicted Alysha Conner (Alysha) from a leased premises and awarded her damages, but not attorney fees. Alysha asserts that the provisions of the Ohio Revised Code mandate an award of attorney fees here.
{¶ 2} Based on the plain language of R.C. 5321.15(C), as well as a consideration of persuasive case law interpreting it, we agree that an award was mandatory upon the court's finding that the landlords wrongfully evicted her under R.C. 5321.15(A). We reverse the judgment of the trial court and remand the cause for a determination of the amount of reasonable attorney fees due her.
I. FACTS
{¶ 3} In November 2015, Alysha filed a complaint alleging claims of constructive eviction/breach of the covenant of quiet enjoyment, assault and battery, conversion, trespass, and civil conspiracy to commit trespass against her landlords. Alysha alleged that Rose Conner owned a mobile home located on Leonard Conner's land. In April 2014, she began living at the home with Rose Conner's consent after subsequently reaching an agreement that Alysha would pay the trailer's finance payment. She claimed that the landlords forced her to move from the home after they had utilities shut off. Alysha requested compensatory and punitive damages, as well as an award of attorney fees. The landlords filed an answer denying Alysha's allegations and set forth a counterclaim for damages.
{¶ 4} After a bench trial the court found by a preponderance of the evidence that the landlords constructively evicted Alysha from the leased premises on or about August 2, 2014, about two weeks before she was supposed to move out. The court concluded that the landlords were jointly and severally liable to Alysha for damages on her first claim for relief and ordered it be submitted initially to mediation. The court also found in favor of the landlords on Alysha's remaining claims and for Alysha on the landlords' counterclaim.
{¶ 5} After mediation failed to resolve the case, the parties submitted post-trial briefs on the issue of damages. The trial court entered a judgment awarding Alysha "nominal inferred damages" of $100 for the constructive eviction, and special damages of $1,000, plus post-judgment interest. The court did not award Alysha any attorney fees.
II. ASSIGNMENT OF ERROR
{¶ 6} Alysha assigns the following error for our review:
THE TRIAL COURT ERRED IN FAILING TO AWARD TO THE APPELLANT HER REASONABLE ATTORNEY FEES INCURRED TO SUCCESSFULLY PROSECUTE AND [sic] ACTION PURSUANT TO R.C. 5321.15.
III. STANDARD OF REVIEW AND GENERAL PRINCIPLES
{¶ 7} The dispositive issue is whether R.C. 5321.15(C) requires an award of reasonable attorney fees once a landlord is found under subdivision (A) to have wrongfully excluded a tenant from residential premises. The interpretation of this statute presents a question of law that we review de novo. See Stewart v. Vivian , 151 Ohio St.3d 574, 2017-Ohio-7526, 91 N.E.3d 716, ¶ 23 ; Wray v. Gahm Properties, Ltd. , 2018-Ohio-50, 103 N.E.3d 148, ¶ 8 (4th Dist.) ("This case also involves statutory *283 construction, which raises a question of law that we review de novo").
{¶ 8} Our primary concern when construing statutes is legislative intent. State v. Wolfe , 2017-Ohio-6876, 83 N.E.3d 956, ¶ 16 (4th Dist.), citing State v. J.M. , 148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642. In determining that intent we first look to the plain language of the statute. Id. Terms that are undefined by statute are given their plain, common, and ordinary meaning. State v. Anderson , 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 46, citing R.C. 1.42 ; State v. Erskine , 2015-Ohio-710, 29 N.E.3d 272, ¶ 26 (4th Dist.). When a statute's language is clear and unambiguous, we apply it as written without interpreting or construing it. Wolfe at ¶ 16. "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." Wilson v. Lawrence , 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.3d 1242, ¶ 11.
IV. LEGAL ANALYSIS
{¶ 9} Alysha asserts that R.C. 5321.15(C) applies and requires the trial court to award her attorney fees.
{¶ 10} In 1974, the General Assembly enacted R.C. Chapter 5321, the Ohio Landlords and Tenants Act, to clarify and broaden tenants' common-law rights. See Wallace v. Golden Comb, Inc. , 2013-Ohio-5320, 4 N.E.3d 445, ¶ 10 (8th Dist.) ; Bowen v. Columbus Airport Ltd. Partnership , 10th Dist. Franklin No. 07AP-108, 2008-Ohio-763, 2008 WL 499353, ¶ 25 ; Maseck v. Lindav Properties , 1st Dist. Hamilton No. C-050528, 2006-Ohio-3721, 2006 WL 2034591, ¶ 5. "Included in the Act are provisions permitting the court to award attorneys' fees to a party who succeeds in vindicating a right protected by the Act."See Drake v. Menczer , 67 Ohio App.2d 122, 123, 425 N.E.2d 961 (8th Dist.1980).
{¶ 11} R.C. Chapter 5321 authorizes the award of attorney fees to a tenant for a landlord's retaliatory conduct ( R.C. 5321.02(B) ), unlawful entry ( R.C. 5321.04(B) ), wrongful eviction ( R.C. 5321.15(C) ), or wrongful retention of a security deposit ( R.C. 5321.16(C) ). It also authorizes the award of attorney fees to a landlord for a tenant's breach of a statutory obligation ( R.C. 5321.05(C)(1) ) or abuse of rent withholding ( R.C. 5321.09(D) ).
{¶ 12} Alysha claims entitlement to an award of reasonable attorney fees in her successful civil action against the landlords based on R.C. 5321.15, which provides:
(A) No landlord of residential premises shall initiate any act, including termination of utilities or services, exclusion from the premises , or threat of any unlawful act, against a tenant , or a tenant whose right to possession has terminated, for the purpose of recovering possession of residential premises, other than as provided in Chapters 1923., 5303., and 5321. of the Revised Code.
* * *
(C) A landlord who violates this section is liable in a civil action for all damages caused to a tenant , or to a tenant whose right to possession has terminated, together with reasonable attorneys fees.
(Emphasis added.)
{¶ 13} It is uncontroverted that the landlords violated R.C. 5321.15(A) by constructively evicting Alysha from the residential premises. At issue is whether Alysha was then automatically entitled to an award of reasonable attorney fees under R.C. 5321.15(C).
{¶ 14} The language of R.C. 5321.15(C) is plain and unambiguous-a landlord who violates R.C. 5321.15(A) and/or (B)"is liable *284 in a civil action for all damages caused to a tenant * * * together with reasonable attorneys fees." Therefore, after the trial court concluded that the landlords had violated R.C. 5321.15(A) by constructively evicting her, she was entitled to an award of "all damages caused," as well as an award of "reasonable attorneys fees." Nothing in this language commits the award of attorney fees to the discretion of the trial court; it is a mandatory award, although the amount of "reasonable" attorney fees is within the court's discretion.
{¶ 15} This conclusion is consistent with the view of other appellate courts. See Gaitwae v. Mays , 2d Dist. Montgomery No. 25083, 2012-Ohio-4749, 2012 WL 4859073, ¶ 10 ("Several Ohio appellate courts have found that when a landlord violates R.C. 5321.15(A) or (B), R.C. 5321.15(C) mandates the award of reasonable attorney fees"); Crenshaw v. Rowland , 196 Ohio App.3d 717, 2011-Ohio-5942, 965 N.E.2d 341, ¶ 13 (6th Dist.), quoting Thomas v. Papadelis , 16 Ohio App.3d 359, 360, 476 N.E.2d 726 (9th Dist.1984) (" 'Pursuant to R.C. 5321.15(C), a landlord is liable for the necessary legal fees incurred by a tenant who seeks legal redress for a landlord's violation of R.C. Chapter 5321' ").
{¶ 16} Nonetheless, the landlords counter by arguing that the entitlement to an award of attorney fees under R.C. 5321.15(C) is within the discretion of the trial court, and that in the absence of a transcript of the bench trial, we must presume that the court exercised that discretion properly. But a transcript of the bench trial is unnecessary here, where the record establishes that the trial court found that the landlords violated R.C. 5321.15(A) by constructively evicting Alysha but did not award her attorney fees under R.C. 5321.15(C). But, they cite Drake , 67 Ohio App.2d 122, 425 N.E.2d 961, Lewis v. Romans , 70 Ohio App.2d 7, 433 N.E.2d 622 (8th Dist.1980), Yarber v. Cooper , 61 Ohio App.3d 609, 573 N.E.2d 713 (6th Dist.1988), Stark v. Weimer , 6th Dist. Huron No. H-98-031, 1999 WL 253451 (Apr. 30, 1999), and Lewis v. Urquhart , 12th Dist. Butler No. CA95-07-118, 1996 WL 103770 (Mar. 11, 1996), in support of their argument.
{¶ 17} Some of these cases are distinguishable because they involved other attorney-fee provisions of R.C. Chapter 5321, which employ different language than at issue here in R.C. 5321.15(C). See Drake (interpreting R.C. 5321.02(B), which provides that if a landlord commits a prohibited retaliatory act, "the tenant may recover from the landlord any actual damages together with reasonable attorneys' fees"); Yarber (interpreting R.C. 5321.02(B) and 5321.04(B), which provides that if a landlord makes an entry in violation of R.C. 5321.04(A)(8) or commits other specified violations, "the tenant may recover actual damages resulting from the entry or demands * * * and obtain a judgment for reasonable attorney's fees").
{¶ 18} Others have been implicitly overruled by a later opinion by the same court of appeals. See Crenshaw , 196 Ohio App.3d 717, 2011-Ohio-5942, 965 N.E.2d 341, implicitly overruling Yarber and Stark .
{¶ 19} Finally, although some of the remaining cases, as well as others we have discovered, did involve R.C. 5321.15(C), they erroneously relied on earlier cases interpreting the other attorney-fee provisions in reaching their holdings that entitlement to the award is within the discretion of the trial court. See Lewis , 70 Ohio App.2d 7, 9, 433 N.E.2d 622, citing Drake , 67 Ohio App.2d 122, 125, 425 N.E.2d 961 ; Lewis , 1996 WL 103770, at *2, citing Meacham v. Miller , 79 Ohio App.3d 35, 42, 606 N.E.2d 996 (4th Dist.1992) (interpreting R.C. 5321.04, and *285 Lewis , 70 Ohio App.2d at 9, 433 N.E.2d 622 ); and Crawford v. Tivener , 5th Dist. Knox No. 15CA22, 2016-Ohio-6982, 2016 WL 5638379, ¶ 58, citing Meacham and Lewis .
{¶ 20} In fact, even the cases that interpreted the other attorney-fee provisions of R.C. Chapter 5321 to hold that entitlement to an award of the fees is discretionary are of questionable precedential value in light of Smith v. Padgett , 32 Ohio St.3d 344, 513 N.E.2d 737 (1987). In Smith at 349, 513 N.E.2d 737, the Supreme Court of Ohio held that "under R.C. 5321.16(B) and (C), a landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees. Such liability is mandatory * * *." The language of R.C. 5321.16(C), which states that if a landlord wrongfully withholds a security deposit, "the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." This language is similar to the language in R.C. 5321.02(B) and 5321.04(B), calling into question the viability of the cases construing them to be discretionary.
{¶ 21} Based on the plain language of R.C. 5321.15(C), as well as an analysis of the most persuasive case law interpreting it, we conclude that the trial court erred by failing to award Alysha attorney fees after determining that the landlords had violated R.C. 5321.15(A) by constructively evicting her. " '[W]hile the amount of attorney fees due a successful tenant in an R.C. 5321.15 action is a matter left to the trial court's discretion, an award of reasonable fees is mandated by R.C. 5321.15(C).' " Gaitawe , 2012-Ohio-4749, at ¶ 11, quoting Crenshaw , 196 Ohio App.3d 717, 2011-Ohio-5942, 965 N.E.2d 341, at ¶ 15.
{¶ 22} We sustain Alysha's assignment of error.
V. CONCLUSION
{¶ 23} The trial court erred by failing to award reasonable attorney fees to Alysha after it found that she had been constructively evicted by her landlords, and awarded her damages. Having sustained her assignment of error, we reverse the judgment of the trial court, and remand the cause to that court for a determination of reasonable attorney fees due her.
JUDGMENT REVERSED AND CAUSE REMANDED.
Abele, J. & McFarland, J.: Concur in Judgment and Opinion.